CHARLES A. MORAN, as Trustee for EMILY LUTYENS under a Certain Deed of Trust, Appellant, Respondent, *v.* GIFFORD PINCHOT, Respondent, Appellant, Impleaded with MIDVILLE REALTY COMPANY OF THE CITY OF NEW YORK and Others, Defendants.

First Department, March 9, 1917.

Mortgage — foreclosure — when action deemed commenced — service upon tenants in possession — defense — sufficiency of tender by owner of equity of redemption— deposit in court.

An action to foreclose a mortgage on real estate is commenced upon the service of the papers upon tenants in possession, and a tender subsequently made by the owner of the equity of redemption is insufficient where it does not include the costs to date.

When such tender is subsequently paid into court it should not only include the costs then accrued but also the interest to the time of the deposit.

CROSS-APPEALS by the plaintiff, Charles A. Moran, as trustee, and by the defendant, Gifford Pinchot, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of March, 1916, upon the decision of the court after a trial at the New York Special Term.

The interlocutory judgment awarded plaintiff the sum of $455.83 with $55 costs against the defendant, the Midville Realty Company of the City of New York, and in the event of failure to make such payment awarded plaintiff a final judgment of foreclosure of sale.

*T. C. Curtis, Jr.,* for the plaintiff, appellant, respondent.

*Carl S. Flanders* [*Sumner Gerard* with him on the brief], for the respondent, appellant.

DOWLING, J.:

This action is brought to foreclose a mortgage on real estate situated in the borough of Manhattan, city of New York. The complaint alleges that the mortgage is past due, having become payable March 31, 1913, and at the time of the commencement of the action there was due thereon, in addition

to the principal, interest from October 1, 1914, at the rate of six per cent per annum. The demand for the payment of the principal was made August 11, 1914. On October 27, 1914, this action was begun by the service of a summons and notice of the object of the action on two of the defendants, who were tenants of the mortgaged premises. On November 13, 1914, the defendant Gifford Pinchot, owner of the equity of redemption, tendered to the plaintiff the principal of said mortgage and interest to that date amounting in all to $25,175, together with the sum of $3 in payment of a satisfaction piece, which tender plaintiff refused on the ground that the amount thereof did not include the costs to that date. Thereafter the summons and complaint were served on the defendants Midville Realty Company of the City of New York and Gifford Pinchot. Pinchot answered, setting up the tender made by him as a defense; and on January 22, 1915, he made a motion for leave to deposit in court the amount of the tender as originally made, $25,178, and for an order directing that the plaintiff have leave to take the said money upon delivery to the said clerk of a satisfaction piece of the said mortgage upon the said premises and directing that such satisfaction piece, when delivered to the clerk, be turned over by him to said defendant or his attorneys of record in the action. The motion was granted without determining the question of the sufficiency of the defendant's tender, the court saying that the defendant was entitled to keep it good by paying the amount thereof into court. Upon the trial of this action the court held that when the tender was made the action had been commenced, and that plaintiff was entitled to his costs before notice of trial and one-half of the statutory allowance, in all the sum of $55, for which judgment was ordered in favor of the plaintiff. Upon the settlement of the decision and judgment the court held that as the plaintiff had elected to permit the money in question to remain in the depository selected by the court he was precluded from insisting upon more interest than the fund had been drawing. The sole question involved in these cross-appeals is the amount of interest and costs to which the plaintiff is entitled, he claiming that he was entitled to interest in full down to the date of the entry of judgment, with costs,

and the defendant insisting that his tender relieved him from rendering any further interest or costs.

Considering the defendant's appeal first, it is his contention that, because he tendered the amount due on the mortgage before the summons and complaint were served upon him, he was relieved from further interest and could not be charged with costs. His contention is that the action was not commenced until the papers were served upon him. This proposition was settled adversely to the defendant in *Harvey* v. *Mooney* (168 App. Div. 169), where the court said: "So the whole question is, was the tender made before the action was begun? It is the theory of the appellant that the action was not begun until she was served with the process, while it is the contention of the respondent that the action was begun when the summons was served upon a necessary party defendant. It seems plain that a tenant in possession of real property is a necessary party defendant to an action for foreclosure and sale, in order that the property may be sold under the judgment free of all outstanding claims. If the tenant were omitted from the foreclosure action, then the purchaser under the judgment would not be entitled to oust the tenant until the termination of the tenancy, and, at the same time, would take the title subject to any claim of right that the apparent tenant might have, his occupation of the property being notice to all parties attempting to deal with it. This being so, then the action of foreclosure was begun when the tenant was served with the summons and complaint, and the tender made thereafter by the owner, even though she herself had not been served at the time, was not made before the beginning of the action." The tender made by the defendant was, therefore, insufficient, as it did not provide for the payment of costs down to the time of making the same. It becomes unnecessary, therefore, to consider the other objection urged to the tender — that a condition was attached to it which the defendant had no right to impose, namely, that a satisfaction piece should be delivered before the money was withdrawn. (*Noyes* v. *Wyckoff*, 114 N. Y. 204.)

In so far as the defendant appeals from the judgment, therefore, the judgment is affirmed.

Upon the plaintiff's appeal we find that the original tender made by the defendant was insufficient, inasmuch as it failed to include taxable costs down to the time it was made. When the money was paid into court the amount was further insufficient, for not only did it fail to include the costs then accrued, but it did not include the interest due upon the mortgage down to the time the deposit was made, although three and a half months had elapsed since the tender and additional interest for that period had accrued.

Upon the plaintiff's appeal, therefore, the interlocutory judgment will be modified so as to award to the plaintiff the principal sum of $25,000, with interest at the rate of six per centum per annum from November 13, 1914, the date of the tender, to March 1, 1916, the date of the entry of the said interlocutory judgment, amounting in all to $26,944.86 and the sum of $55 costs, and by crediting the defendant Gifford Pinchot thereon with the amount deposited by him in court together with the interest allowed thereon by the chamberlain of the city of New York to the date of the withdrawal thereof, and that in the event of the failure of any party interested to pay said sum, then that the plaintiff have a final judgment of foreclosure and sale therefor, with costs of this appeal to the plaintiff against the defendant Gifford Pinchot.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

On defendant's appeal, judgment affirmed. On plaintiff's appeal, judgment modified as stated in opinion, with costs of appeal to plaintiff against defendant Gifford Pinchot. Order to be settled on notice.