ALBERT HOFFMAN, Appellant, *v.* ROSE DRESS COMPANY, INC., Respondent.

First Department, July 13, 1917.

**Tender — when tender and payment into court will stop running of interest.**

The tender of the full amount of an indebtedness and the subsequent payment thereof into court, together with a sum equaling the costs of the action at the time, will stop the running of interest; but the tender and payment of a portion of the amount due is insufficient to effect that purpose.

Payment into court is necessary to keep the tender good so as to stop the running of interest.

APPEAL by the plaintiff, Albert Hoffman, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1917, correcting the interest in a verdict by reducing the amount from eighty-one dollars and fifty-one cents to thirty-seven dollars and forty-seven cents and reducing the judgment accordingly.

*Samuel Meyers,* for the appellant.

*Louis B. Brodsky,* for the respondent.

SMITH, J.:

The action was brought for commissions under a contract for personal services. Before the action was brought the defendant tendered the sum of $734. After the action was brought and after the answer, but by stipulation with the same force as though made at the time of the answer, defendant deposited $734 with the city chamberlain to the credit of the action. A verdict was rendered in the action for the plaintiff " for the sum of $1,440.07, which includes $734 deposited with city chamberlain, $624.56 principal amount, and $81.51 interest at 6% on the total for one year." The amount which has been taken from the verdict by the order of the court appealed from is the amount of interest on the $734 deposited with the city chamberlain for one year.

If the full amount of the indebtedness had been tendered and afterwards paid into court, together with a sum equalling the costs of the action at the time, I would have no doubt that interest would be stopped. The reason for such a rule rests in the fact that the person to whom the tender was made, if the sum tendered is sufficient to satisfy him for his debt and for his costs, is bound to take it, and if he does not while the debt is not paid the liability of the debtor for interest and costs is suspended. This is the rule in relation to tenders after suit brought. (*Moran* v. *Pinchot,* 176 App. Div. 807.) In that case if the tender is not sufficient the running of interest and costs is not suspended, but the amount tendered is simply credited upon the judgment. By analogous reasoning the same rule should hold where the tender was made before suit. If the tender was of the full amount to which

the party has been found entitled and if the tender has been kept good, then it would be unjust to charge the debtor with interest on that amount. The creditor, however, is not bound to accept a tender of part only of the amount due to him, especially where that part is tendered in full payment of the debt. If a debtor owed to a creditor $1,500, and tendered him $600 only, if the creditor accepted the $600 he would be barred from bringing his action in the Supreme Court to recover the amount due him without liability for costs. Nevertheless for refusing to accept the same he should not be deprived of interest on his debt. In order, therefore, to stop the running of interest the tender must be of the full amount due, otherwise the creditor is under no duty to accept the same. In *Mining Co.* v. *Jones* (108 Penn. St. 55, 69), in discussing a tender, the opinion says: " In this state it seems to have been long understood that where it is the duty of the debtor to pay the sum he owes, and the creditor demands a greater sum, the debtor can only relieve himself from liability by tendering payment of the debt. The *bona fide* dispute as to the amount of indebtedness is no bar to the accruing of interest. If a tender of payment falls short of the sum found to be due at the time of the tender, interest runs on the whole." In 22 Cyc. 1557, the rule is stated in the text: " A tender of a less sum than is actually due will not prevent the running of interest thereafter on the whole principal, as though tender had been made." The fact of payment into court simply operates to keep the tender good, which must be done in any event to stop the running of interest, even though the tender be sufficient.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.