REALTY ASSOCIATES SECURITIES CORPORATION, Plaintiff, *v.* TWELVE THIRTY FIVE PARK AVENUE CORPORATION and Others, Defendants.

Supreme Court, New York County, November 28, 1933.

*Sidney C. Nadelman*, for the motion.

*Gerard I. Walters*, opposed.

COTILLO, J. This action in foreclosure was pending at the time of the passage of section 1077-e of the Civil Practice Act (as added by Laws of 1933, chap. 793, § 2). Prior to the expiration of thirty days after August 28, 1933, plaintiff was tendered the sum of $100

as costs, with a request that the action be discontinued. The tender was refused, and a motion is now made by the defendant who made the tender to discontinue the action. At the time of the commencement of the suit the only default was in installments of principal. But at the time of the tender there were defaults in interest and taxes. Must the latter defaults as then existing be removed under the statute, or must the existence of such defaults be measured by the date of the service of the summons? Plaintiff argues that, if the action had not yet been instituted at the time of the tender, it would have been necessary, to prevent foreclosure, to clear all defaults in interest and taxes. Defendants should not, therefore, be in a more favorable position because there was a pre-existing action. Plaintiff's argument impresses me as sound, particularly in an action like this, which is in equity.

If there was a receiver in the action, the surplus funds should be applied toward taxes and interest, and the surplus then remaining applied against defaults in principal. As to the costs, the insufficiency of the tender is no bar, as the costs may be adjusted by proper motion in the event of dispute. Since the discontinuance is under the statute, I doubt very much whether section 1512, subdivision 5, of the Civil Practice Act, applies.

While it is clear that no proper tender was made, the insufficiency was undoubtedly due to lack of an authoritative interpretation of the law.

Under the circumstances, therefore, the motion to discontinue will be granted, provided within twenty days defendant pays all moneys due for interest and taxes, together with costs; any surplus moneys in a receiver's account to which plaintiff would otherwise be entitled to be credited against the amounts necessary to vacate the defaults existing at the date of the order. Settle order.