GLEN COVE TRUST COMPANY, Successor to GLEN COVE BANK OF GLEN COVE, NEW YORK, Plaintiff, *v.* MARGARET SALVEY and Others, Defendants.

County Court, Nassau County, November 2, 1936.

*Emanuel Rackman,* for the plaintiff.

*Payne, Wood & Littlejohn* [*William J. Beglin* of counsel], for the defendants.

JOHNSON (C. A.), J.   Foreclosure was for arrears of interest and taxes.   The defendant has now paid these arrears, as well as taxable disbursements and twenty-five dollars costs before notice of trial. The question is whether she also must pay sixty-two dollars and fifty cents, as one-half of five per cent of the amount of the mortgage under subdivision 5 of section 1512 of the Civil Practice Act. In *Realty Associates Securities Corp.* v. *1235 Park Ave. Corp.* (152 Misc. 772) the question was not passed upon, although Mr. Justice COTILLO expressed doubt whether subdivision 5 of section 1512 applied to a discontinuance under section 1077-e.

*Blood* v. *Sloan* (153 Misc. 504) involved a discontinuance by agreement, rather than a motion to dismiss under section 1077-e, the parties asking the court to fix the allowance of costs to plaintiff. The sole basis for foreclosure was non-payment of a single tax assessment.   There was no default in payment of interest when foreclosure was instituted.   County Judge OTTOWAY held that plaintiff was not entitled to costs under subdivision 5 of section 1512.

Neither of these decisions is determinative of the question presented.   Section 1077-e, when those decisions were rendered, applied only to actions pending when the act took effect.   It has since been extended to all actions, and applies after as well as before judgment.   If the defendant, *before judgment,* remedies defaults other than in payment of principal, and pays taxable costs and disbursements, he is entitled to a dismissal.

If he does so *after judgment,* he is entitled to a stay of the sale. What he is required to pay is " taxable costs."

The allowance under subdivision 5 of section 1512 is of " taxable costs " as distinguished from a discretionary allowance under section 1513.   If the action proceeds to judgment, it is taxable in

full; if " settled before judgment " it is taxable to the extent of one-half.

The statute does not prescribe the nature of the settlement; that is left to the agreement of the parties. It may. be settled by payment of all or part of the principal, or it may be settled by payment of arrears of interest and taxes, and reinstatement of the mortgage, as is often the case.

Such had been the recognized practice long before the enactment of section 1077-e. (*Gottscho* v. *Burger*, 161 N. Y. Supp. 784; affd., 173 App. Div. 939; *Moran* v. *Pinchot*, 162 N. Y. Supp. 117; affd., 176 App. Div. 807, cited in *Dot Mort Holding Corp.* v. *Zito*, 241 id. 692 [2d Dept.].)

Knowledge thereof must be ascribed to the Legislature in its enactment of section 1077-e, as amended. Clearly, under that statute, if the action has proceeded to judgment, the taxable costs required to be paid by the defendant to stay the sale would include the full amount allowed by subdivision 5 of section 1512. I cannot ascribe to the Legislature an intent not to require payment of one-half that amount if payment is made before judgment, in view of the prevailing practice and decisions. Had the Legislature so intended, it seems that it would have distinguished between " taxable costs " payable before, and those payable after judgment. It did not do so, and in my opinion it has left the provisions of section 1512 equally applicable to a dismissal before judgment and a stay after judgment under section 1077-e.

Motion granted on condition that defendant pay plaintiff sixty-two dollars and fifty cents (being one-half the allowance under Civ. Prac. Act, § 1512, subd. 5) within ten days; otherwise, motion denied.