ANN J. BOYLSTON, Respondent, *v.* ANDREW S. WHEELER, Appellant.

The three years' actual possession required to sustain an action under the statute (2 R. S., 312, § 1), to compel the determination of claims to real property, must immediately precede the commencement of the action.

Although the plaintiff proves the title in himself, and that the premises were actually occupied prior to the three years, yet where it appears that during that time they have been vacant, unfenced and unoccupied, the action cannot be maintained.

(Submitted September 24, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court at Special Term.

This action was brought to compel the determination of claims to real property. Defendant set up in his answer, among other things, that plaintiff had not been in actual. possession "for three whole years before the commencement of the action."

Plaintiff proved title and occupation by her predecessors

in title down to 1858, since which time the premises had been vacant, unfenced and unoccupied. At the close of plaintiff's evidence, defendant moved for a dismissal of the complaint. Further facts appear in the opinion.

*A. H. & W. E. Osborn* for the appellant. Plaintiff was not entitled to recover without affirmative proof of actual possession for the three years preceding the commencement of the action. (*Onderdonk* v. *Mott*, 34 Barb., 115; *Austin* v. *Goodrich*, 49 N. Y., 266; 2 Bouv. L. Dict., 349.) Occasional acts of ownership, with long intervals between them, are not sufficient to constitute an actual possession. (*Simpson* v. *Blount*, 3 Dev. [N. C.], 36; *Page* v. *O'Brien*, 36 Cal., 559.)

*D. P. Barnard* for the respondent. The proof of plaintiff's actual possession for three years was sufficient. (Code, § 81; *People* v. *Arnold*, 4 Comst., 508; Gilbert on Tenures [4th ed.], 21, n. 20, p. 370; *Jackson* v. *Sellick*, 8 J. R., 267; *La Framboise* v. *Jackson*, 8 Cow., 617; 3 R. S. [5th ed.], 600.) A party once in possession is presumed to continue in possession. (*Walrod* v. *Ball*, 9 Barb., 271.)

REYNOLDS, C. The action was brought to compel the determination of a claim to real property; and, in order to sustain it, the plaintiff, among other things, must show that she has "been in the actual possession of the premises claimed for three whole years before the service of the notice." (3 R. S. [5th ed.], p. 600.) No possession of any kind on the part of the defendant was claimed or proved, and the only question appears to be whether the plaintiff had *actual* possession within the meaning of the statute giving this form of action. It does not appear to have been questioned but that the plaintiff had the legal title to the premises; and it does follow, as no adverse possession is pretended, that she had the *constructive* possession.

The difference between *actual* and *constructive* possession

of real estate, has for a long time been reasonably well defined in the law, and we may presume that when the law giving this action was made, those who made it understood the distinction between the two classes of legal possession as well as we may be supposed now to understand it.

It may, possibly, be, that upon proof of legal title, and at some time *actual* possession, a court might presume — nothing to the contrary appearing — that *actual* possession, for all purposes, still continued. In the present case no such presumption can be indulged; for, although it appears that, many years ago, the premises in question were actually occupied and cultivated as a part of a farm, yet, for much more than three years prior to the commencement of this suit, the property has been vacant, unfenced and unoccupied by anybody. That this is not *actual possession* seems to be clear, no matter where the legal title resides. The three years actual possession, to entitle the plaintiff to this action, must immediately precede its commencement; otherwise, actual possession of a farm fifty years ago by an ancestor, and long since abandoned, might enable his descendants to sustain an action of this character without having, in the remotest degree, given any attention to their inheritance. This was not the intention of the statute (*Churchill* v. *Onderdonk*, Court of Appeals\*); and there must be a new trial.

All concur.

Dwight, C., concurs on authority of *Churchill* v. *Onderdonk*.

Judgment reversed.

\* 59 N. Y., 134.