PURE STRAINS FARM COMPANY, Plaintiff, *v.* EDWIN C. SMITH and DELBERT C. HEBBARD, Defendants.

(Supreme Court, Monroe Trial Term, February, 1917.)

Actions — to cancel mortgage on real property — to determine claim — when action in equity will not lie — deeds — Code Civ. Pro. § 1496 et seq. and § 1638 et seq.

An action to cancel a mortgage on real property brought by one who claims to be the legal owner under a recorded deed is an action to determine a claim to the property under section 1638 *et seq.* of the Code of Civil Procedure, and where the defendants set up a conveyance to them by foreclosure under the mortgage and ask for a dismissal of the complaint and such other and further relief to which they may be entitled, the case is triable by a jury.

The sections of the Code of Civil Procedure relating to the recovery of real property (§ 1496 *et seq.*) and those relating to the determination of a claim to real property (§ 1638 *et seq.*) provide exclusive remedies for any issues coming within the scope of their provisions, and an action in equity will not lie to accomplish the purposes for which those sections were provided unless special facts are alleged showing that the remedy at law is not adequate and bringing the case under equitable cognizance.

Actions brought under section 1496 *et seq.* of the Code of Civil Procedure are triable as of right by a jury and actions brought under section 1638 *et seq.* are triable by a jury where the defendants claim an estate in the property and an issue of fact is raised.

MOTION by plaintiff at Monroe Trial Term, February 5, 1917, to strike the case from the jury calendar on the ground that it is an equitable cause of action.

Edson W. Hamn, for motion.

Chamberlain & Page (Philetus Chamberlain, of counsel), opposed.

RODENBECK, J.  1. An action affecting the title to real property may be in the nature of an ejectment (Code Civ. Pro. § 1496 *et seq.*) or in the nature of an action to determine a claim to real property (Id. § 1638 *et seq.*) or equitable in character not coming within either of the foregoing statutory provisions.  In order to bring the action, however, within equitable jurisdiction it is necessary for the plaintiff to show that his remedy is neither for ejectment nor to determine a claim to real property under either set of the provisions above referred to.  This means that the plaintiff must show that he has no adequate remedy at law and special facts must be alleged bringing his case within equitable cognizance.  The plaintiff in this case has not done so.  It has not alleged the failure of an adequate remedy at law nor has it alleged any facts or circumstances which require the intervention of a court of equity.  *Moores* v. *Townshend,* 102 N. Y. 387; 32 Cyc. 1309.

At common law an action to try the title to real property could not be maintained by one in possession. *Lewis* v. *Howe,* 174 N. Y. 340.  The Revised Statutes, however, allowed such a proceeding by a person in " actual possession."  The Code of Procedure sought to convert this proceeding into an action (§ 449), but it seems that the practice grew up of resorting to either form of remedy.  *Haynes* v. *Onderdonk,* 2 Hun, 619.  As incorporated in the Code of Civil Procedure plaintiff was required to be in " actual possession " in order to maintain an action to determine a claim to real property (§ 1638 *et seq.*) and this language remained until 1891 when the word " actual " was stricken out (*Akin* v. *Meeker,* 78 Hun, 387), so that now constructive possession in the plaintiff is sufficient (*Clason* v. *Stewart,* 23 Misc. Rep. 177), and pos-

session is presumed to exist in one having the legal title. *Whitman* v. *City of New York*, 85 App. Div. 468; *Clark* v. *Kirkland*, 64 Misc. Rep. 585; *Mitchell* v. *Einstein*, 42 id. 358. The plaintiff in this action claims to be the legal owner of the property in question. If it is not in possession of the property it has the right to maintain an action to recover the property under section 1496 *et seq.* of the Code of Civil Procedure, but it is presumed to be in possession under its legal title and therefore may maintain an action to determine the claim to the property under the mortgage in question under section 1638 *et seq.* of the Code.

2. The provisions of the Code referred to relating to the recovery of real property and the determination of a claim to real property are exclusive remedies for any issues coming within the scope of their provisions and an action in equity will not lie to accomplish the purposes for which those sections were provided unless special facts are alleged showing that the remedy at law provided by them is not adequate and that resort must be had to a court of equity to secure proper relief.

3. Actions of ejectment under section 1496 *et seq.* of the Code have always been triable by a jury and actions under section 1638 *et seq.* are made triable by a jury where the defendant raises an issue of title. In this case such an issue has been raised. The defendants allege that the mortgage has been foreclosed, that the plaintiff was a party to the action, that there was a judgment, sale and conveyance thereunder and demand a dismissal of the complaint and such other and further relief as may be necessary and equitable. Under the pleadings the defendant is entitled to a jury trial of the issues raised. Code Civ. Pro. § 1642; *King* v. *Ross,* 28 App. Div. 371; 16 Cyc. 52 55.

The motion to strike the case from the calendar is denied and the case is directed to be placed at the head of the added list of cases.

Motion denied.