BENN RIEGEL CONTRACTING AND SUPPLY COMPANY, Plaintiff, *v.* JEANNETTE SEIGEL, PHILIP ANDRON AND MARY ANDRON, his Wife, and NATHAN ABRAHAMS, Defendants.

(Supreme Court, Kings Special Term for Motions, March, 1920.)

Foreclosure — mechanics' liens — when order to put purchaser in possession denied — lease — Code Civ. Pro. § 1675.

> Where a tenant in possession prior to the commencement of an action to foreclose a mechanic's lien upon the premises is not made a party to the action, and such possession is continuous, the tenant is not bound by the judgment entered in the action.
>
> Even though the tenant's lease is not recorded possession thereunder is notice to the purchaser at the sale in foreclosure, and a motion to vacate an order denying the purchaser's motion for an order to put her in possession of the premises, made under section 1675 of the Code of Civil Procedure, will be denied.

MOTION by purchaser under a judgment of foreclosure to be put into possession of the premises sold under the judgment.

Ingram, Clark, Taylor & Schenck, for Jennie W. Singerman, purchaser under the judgment of foreclosure.

Emil P. Korkus, for tenant, Samuel Gordon.

SQUIERS, J. This is a motion on behalf of the pur-
chaser under a judgment of foreclosure to put the pur-
chaser in possession of the premises sold under the
judgment as against the tenant, who is not a party to
the action, now in possession of said premises and who
has been continuously in possession of said premises
since May 1, 1915, prior to the filing of the summons
and complaint and lis pendens in the foreclosure action.

Briefly stated the facts are as follows: On July 24,
1914, the Benn Riegel Contracting and Supply Com-
pany filed a mechanic's lien in the sum of ninety-two
dollars and sixty-five cents against the premises in
question, then owned by one Jeannette Seigel. On Sep-
tember 24, 1914, Jeannette Seigel conveyed the said
premises to one Philip Andron. In the month of April,
1915, the said Philip Andron leased the premises in
question by a written lease to one Samuel Gordon for
the term of one year, and the said Samuel Gordon
entered into possession on the 1st day of May, 1915, and
has ever since continued and is now in possession of
said premises. On May 28, 1915, subsequent to the
time that the said Samuel Gordon took possession of
the premises under the aforesaid lease the Benn Riegel
Contracting and Supply Company filed a summons and
complaint and notice of pendency of action for the fore-
closure of the mechanic's lien, in which action Jean-
nette Seigel, the former owner, and Philip Andron, the
then owner, were made parties defendant. The tenant
Samuel Gordon was not made a party to the action,
nor was the notice of pendency of action indexed
against him. For some reason not explained by the
affidavits on this motion a judgment of foreclosure and
sale in the aforesaid action was not entered until the
6th day of September, 1919. The tenant Samuel Gor-
don continued in possession under a lease from year to
year from the 1st day of May, 1915, and is now in pos-
session of the premises in question under a lease expir-
ing May 1, 1920. It appears from the affidavits that

Supreme Court, March, 1920.     .     [Vol. 110.

Philip Andron, one of the defendants in this action, on October 8, 1918, conveyed the premises to his brother, Frank Andron, and that thereafter on April 27, 1919, Frank Andron leased the premises in question to the said Samuel Gordon for the term of one year expiring May 1, 1920. It is urged by the attorney for the purchaser that the tenant Samuel Gordon was not a necessary party to the foreclosure action, and that as he is now holding under a lease from a grantee to whom the premises in question were conveyed subsequent to the filing of the notice of pendency of action he is bound by the notice, and that an order should be granted directed to the sheriff to remove him and to put the purchaser in possession. The premises were sold under the judgment of foreclosure on the 15th day of December, 1919, to one Miles F. Gordon, a stranger to the action, and thereafter the said Miles F. Gordon assigned his bid to Jennie W. Singerman, to whom the premises were conveyed on December 16, 1919, by the referee under the judgment of foreclosure. This motion is made for an order to put the said Jennie W. Singerman in possession of the premises. The motion was originally made on the 5th day of February, 1920, and was denied. Subsequently, a motion was made for reargument and a reargument was granted, on which motion an order was asked for vacating the previous order and granting the motion for an order to put the purchaser in possession of the premises in question. The reargument has failed to convince me that the order should be granted. The provision upon which the moving party relies is section 1675 of the Code of Civil Procedure, which provides: " If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, * * * may, in its discretion, by order, require the sheriff to put that person into possession of the property." If the tenant

Samuel Gordon had been made a party to the action and had refused to surrender possession the order putting the purchaser in possession might well have been granted.

In the case of *Davidson* v. *Weed,* 21 App. Div. 579, 581, the court said: "We think, therefore, that the court had no power to remove the tenant who was in possession of the property under a valid lease executed by the owner prior to the commencement of the foreclosure action and who was not a party to such action."

The tenant having entered into possession prior to the commencement of the foreclosure action under a written lease had a property interest and should therefore have been a party to the foreclosure action. His possession was notice even though his lease was not recorded. It cannot be claimed that he is bound by the judgment of foreclosure. He has not had an opportunity of having his day in court. Based on the facts as set forth the court is not justified in granting an order putting the sheriff in possession. Under section 1675 of the Code of Civil Procedure the order contemplated is discretionary and supersedes the former writ of assistance. The order contemplated by this section of the Code is an order directed against a party to the action or his representative or successor and not against a tenant who enters into possession of the premises under a lease prior to the commencement of the foreclosure action and whose possession is continuous. The reason why a tenant should be made a party to a foreclosure action is obviously that he may be bound by the judgment in foreclosure and that he may have the opportunity of asserting in the action any rights that he may have, in order that his rights, whatever they may be, may be properly adjudicated. To hold otherwise might result in the tenant being summarily removed by an order such as is asked for

here without having any opportunity of asserting his rights. This would certainly not be equitable.

The motion therefore to vacate the order entered and filed herein on the 19th day of February, 1920, which order denied the motion made on behalf of the purchaser to put her in possession, is hereby denied.

Motion denied.