Ethel Douglas, Plaintiff, *v.* Frank C. Kohart and Lottie
C. Kohart, Respondents, Impleaded with Gustave Girard
and Mabel M. Girard, Appellants, and Peter Wyckoff
and Others, Defendants.

Second Department, March 4, 1921.

**Mortgages — foreclosure — person who furnishes purchase price of
property and causes title to be taken in name of another is
not necessary party defendant — Real Property Law, section 94,
applied.**

Under section 94 of the Real Property Law, a person who furnishes the
purchase price of property and causes the title to be taken in the name
of another, without any agreement whatever in relation thereto, has
no interest in the premises, and is not a necessary party in an action for
the foreclosure of a mortgage thereon, even though he was actually in
possession.

Appeal by the defendants, Gustave Girard and another,
from a judgment of the Supreme Court in favor of the defend-
ants, Frank C. Kohart and another, entered in the office of
the clerk of the county of Kings on the 16th day of February,
1920, on the decision of the court rendered after a trial at
the Kings Special Term.

*George W. Titcomb* [*Theodore H. Kenworth* with him on
the brief], for the appellants.

*A. H. Simon,* for the respondents.

Jaycox, J.:

The facts in this case in so far as this appeal is concerned
are undisputed.   There was some controversy between Gustave
Girard and Frank C. Kohart as to whether Kohart told
Girard that he owned the premises.   This, however, has been
found in Kohart's favor and there is evidence to support
the finding.   The determination of this appeal depends upon
whether it is necessary upon the foreclosure of a mortgage to
make the person who furnished the money to purchase the
premises a party to the action where the title is taken in the
name of another person.   If the person so furnishing the
purchase money is a necessary party, the judgment is right;
if he is not a necessary party, the judgment should be reversed.

The question arose in this way: The defendant Frank C. Kohart purchased the premises in question at a partition sale. He directed that the deed be made to one Minnie Koch. In accordance with this direction the referee made his deed to her, dated April 3, 1913. The court below has found that though the record title was in said Minnie Koch, the defendant Frank C. Kohart was the actual owner of the premises, actually in possession thereof and receiving the rents, issues and profits thereof. After the deed from the referee to Minnie Koch the defendant Kohart borrowed $1,000 from the defendant Girard and, as security gave him a deed of the premises, dated March 5, 1917. This deed was made by Minnie Koch. This loan was not paid, and Girard brought an action to have the deed declared a mortgage and to foreclose the same. The premises were sold and eventually the title vested in the said Girard. Girard then purchased the first mortgage upon the said premises, held by one Marietta Purdy, and had the same assigned to the plaintiff, Ethel Douglas. That mortgage not having been paid in accordance with its terms, this action was brought to foreclose it.

The property is used for private garages and the defendant Kohart testified that he had a sign thereon, " Private garages to let, F. C. Kohart, 15 East 19th Street." He also testified that he is ready to refund to Mr. Girard all money due upon the present mortgage and all money that he has disbursed or paid or any expense that he has in anywise incurred, with. interest and costs. Judgment of foreclosure and sale has been denied and the trial court has held that the defendant Kohart is entitled to redeem. Judgment has been rendered accordingly, permitting said defendant to redeem upon paying the amount found due from him to the defendant Girard upon an accounting to be had before a referee.

Section 94 of the Real Property Law reads as follows:

" § 94. Grant to one where consideration paid by another. A grant of real property for a valuable consideration, to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, at that time, of the person paying the consideration, and, unless a fraudulent intent is disproved, a trust results in favor of such creditors, to an extent necessary to satisfy their just demands; but the title

vests in the grantee, and no use or trust results from the payment to the person paying the consideration, or in his favor, unless the grantee either,

" 1. Takes the same as an absolute conveyance, in his own name, without the consent or knowledge of the person paying the consideration; or,

" 2. In violation of some trust, purchases the property so conveyed with money or property belonging to another."

This case comes squarely within the provisions of that section. The defendant Kohart alleges in his answer that the premises in question were purchased by him and that the deed was by his direction made to Minnie Koch. He alleges no agreement whatever in relation to the title; he makes the bare, unequivocal allegation that he is the owner and that title is in Minnie Koch. His ownership is based upon the fact that he furnished the purchase money. In the first foreclosure Kohart was not made a party. As he was in possession, any rights which he had in the property were undisturbed by the foreclosure. (*Phelan* v. *Brady*, 119 N. Y. 587; Code Civ. Proc. § 1632.) What rights did he have? In *Garfield* v. *Hatmaker* (15 N. Y. 475), Judge Comstock, writing for the Court of Appeals, says (at p. 478): " The resulting trust of the common law is abrogated in the most explicit terms. The person paying the consideration money must take the conveyance to himself, or he can have no legal or equitable interest in the land. The very foundation, therefore, of the right, which the creditor had to take the land in execution, fails; but in place of that right, and of the common law principles on which it depended, the statute has declared a presumption of fraud, and, through the fraud, a resulting trust, not in favor of the debtor, but of the creditor only. There is no interest, legal or equitable, in the debtor, and therefore nothing to which a judgment and execution can attach; but instead of this there is a pure trust in favor of the creditor, which the statute impresses upon the legal estate in the hands of the grantee in the conveyance, and which can be enforced in equity only."

In *McCartney* v. *Bostwick* (32 N. Y. 53, 59) it is again said that ". No interest whatever, either legal or equitable, inured to the party paying the price; and he had no remaining

right on which, through judgment and execution, creditors could by any process fasten a specific lien." In *Everett* v. *Everett* (48 N. Y. 218) it is held that where one purchases land and at his request title is taken in the name of another, but the one paying the consideration retains the deed unknown to the grantee, yet by the deed title passes and becomes vested in the grantee, and there is no resulting trust, or any interest whatever, legal or equitable, in favor of the purchaser. That the person furnishing the purchase money had neither title nor legal or equitable interest is held in *Niver* v. *Crane* (98 N. Y. 40); *Hoar* v. *Hoar* (48 Hun, 314; affd., 125 N. Y. 735); *Robertson* v. *Sayre* (53 Hun, 490; affd., 134 N. Y. 97); *London* v. *Epstein, No. 1* (138 App. Div. 513), and *Fagan* v. *McDonnell, No. 1* (115 id. 89; affd., 191 N. Y. 515).

In opposition to these holdings the respondents cite *Church of St. Stanislaus* v. *Algemeine Verein* (31 App. Div. 133; affd., 164 N. Y. 606), and *Jeremiah* v. *Pitcher* (26 App. Div. 402; affd., 163 N. Y. 574). In the first case the title could not be taken in the name of the plaintiff, as the plaintiff was not then incorporated. It was taken in the name of the defendant, to be held until such time as the plaintiff could be incorporated. The defendant in that case was organized especially to take the title, and its by-laws provided that it should exist " until the church or parish of St. Stanislaus decides to make a change," and that the change could only be made when the parish was able to pay the moneys loaned by the members of the defendant society. The plaintiff carried out the terms of its agreement, took possession of the property, made alterations and repairs, paid the interest on the mortgages and repaid the members of the defendant society the sums which they had loaned or advanced for the purchase of the property. The court held that the plaintiff was entitled to enforce the agreement thus made and partially executed.

In *Jeremiah* v. *Pitcher* (*supra*) the plaintiff was a real estate broker. His wife was insane and by reason of that fact he was unable to take title in his own name and to make a conveyance conveying her dower interest. He, therefore, took title in the name of his daughter who lived with him and was the head of his household. After this arrangement had

been in force for a number of years, and the plaintiff had paid the mortgage on the property, collected the rents and acted in every way as the owner, his daughter declined to convey the property. The court held that under those circumstances the statute did not apply, as the agreement had been fully performed on the father's part and he was entitled to have the property conveyed in accordance with the agreement. Those cases are not in point here, as no agreement in relation to this property is alleged or proven.

The mere fact that the defendant actually was in possession did not make him a necessary party to the foreclosure. The plaintiff can make an occupant a party if he so desires, and the decree will then cut off any interest which the occupant has in the premises subsequent to the mortgage. If, however, he fails to make the occupant a party, the only result is that the interest which the occupant has in the premises is unaffected by the foreclosure. In the first action Kohart was not made a party, and the result was that any interest he had in the premises survived the decree in that action. Under section 94 of the Real Property Law and the decisions above cited, it is quite clear that Kohart had no interest whatever in the premises and, therefore, the fact that he was not made a party in the prior foreclosure does not affect the title of the defendant Gustave Girard. Under that foreclosure Gustave Girard became the owner of the premises subject to the mortgage which is now being foreclosed. The plaintiff in this action was entitled to a decree of foreclosure as prayed for in the complaint. I, therefore, recommend that the judgment herein be reversed, with costs, and that judgment be directed to be entered in favor of the plaintiff, with costs. Findings of fact 7, 9, 10, 11 and 14 and all conclusions of law should be reversed. New findings with the judgment should be settled on notice.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concur.

Judgment reversed, with costs, and judgment unanimously directed to be entered in favor of the plaintiff, with costs. Findings of fact 7, 9, 10, 11 and 14 and all conclusions of law reversed. New findings with the judgment to be settled on notice.