AMELIA SCHEIDT, Respondent, *v.* SUPREME WOODWORKING COMPANY, INC., and Others, Respondents.

SAMUEL D. BIERMAN and Another, Purchasers, Appellants.

Second Department, February 26, 1925.

Mortgages — foreclosure — motion to compel purchaser to complete purchase — person in possession of premises at time of commencement of foreclosure claiming to hold under contract of sale was not made party — foreclosure did not affect his rights — statement by person served at premises that she was tenant not binding on person claiming under contract of sale — purchaser will not be compelled to complete purchase.

A purchaser of real property at a mortgage foreclosure sale will not be compelled to complete the purchase, where it appears that at the time the foreclosure action was commenced, a person, who was not made a party to the foreclosure action, was in possession of the premises claiming to hold the same under a contract of sale; that said person was not served with a summons; and that the only person in the possession of the premises, who was served with a summons, was a woman bearing the same name who stated to the process server that she was the tenant of the premises.

A statement made by the woman, who was served at the premises, to the effect that she was a tenant thereof, did not bind the person in possession thereof who claimed to hold under a contract of sale, and the judgment on the mortgage foreclosure proceeding did not in any way affect his rights in the alleged contract.

APPEAL by the defendants, Samuel D. Bierman and another, from an order of the County Court of the county of Kings, entered in the office of the clerk of said county on the 8th day of September, 1924, granting plaintiff's motion for an order requiring the purchasers to complete their purchase of the property bought at a foreclosure sale, and to pay the balance of the purchase price.

*Max L. Kane* [*Joseph Rolnick* with him on the brief], for the appellants.

*John S. Russell,* for the plaintiff, respondent.

JAYCOX, J.:

On the 11th day of October, 1923, the plaintiff commenced this action to foreclose a mortgage upon property in the borough of Brooklyn, city of New York, owned by the Supreme Woodworking Company, Inc., which corporation purchased the property from Seidman Builders, Inc., by deed recorded in the office of the register of the county of Kings on the 23d day of November, 1922. Judgment of foreclosure and sale was entered therein and pursuant to said judgment the premises were sold to Samuel D. Bierman and M. N. Schleider for the sum of $15,200. The purchasers paid the usual ten per cent upon account of their purchase. Before the final closing the

appellants visited the house they had·bought and found one Isaac Cohen in possession.   He claimed that he was a vendee in possession and that on the 23d day of December, 1922, he entered into a contract with Max Seidman for the purchase of the premises, under the terms of which he had paid $400 on account and had deposited $1,300, pending the carrying out of the terms and conditions of a subsequent agreement for the final consummation of the sale. Cohen claimed that he moved into the premises after the aforesaid contract had been made and had remained there since as owner; that he had not attorned to any one as tenant and had not paid any rent.   At the date of the contract Seidman was not the owner, but Cohen claims further that thereafter and on the 31st day of May, 1923, an agreement was entered into between the Supreme Woodworking Company, Inc., the owner, Max Seidman, and the said Isaac Cohen whereby the terms of the aforesaid contract were modified to some extent and ratified by all of the parties, and that his possession thereafter was pursuant to and under the provisions of both of these contracts.

The summons in the foreclosure action named the following defendants, among others:   " ' John Doe ' and ' Sarah Roe,' the names ' John Doe ' and ' Sarah Roe ' being fictitious, the true names of said defendants being unknown to plaintiff, they being the tenants of the premises described in the complaint."   The summons was served on a lady whom the process server describes to be a woman of about forty-five years of age and who said that she was Annie Cohen, the tenant of the premises.   Isaac Cohen was not served.

The purchasers declined to take title upon the ground that Isaac Cohen is in possession as a vendee and that, as he was not made a party to the foreclosure action, whatever right, title and interest he may have in the premises is unaffected by the foreclosure. It is apparent that that is so and whatever interest or title Isaac Cohen had in the premises is unaffected by the foreclosure.   Any statement made by Annie Cohen, assuming she was the person served, did not in any way bind him.   In Wiltsie on Mortgage Foreclosure (3d ed. § 177) it is stated that the occupant or person in possession of premises at the time of the commencement of the foreclosure is an indispensable party no matter how or under what circumstances he came into possession.   A tenant or occupant not made a party is not bound by the decree, and if omitted he cannot be ejected until the expiration of his tenancy.

Cohen's possession was sufficient notice of the existence of any claim which he is able to establish.   (*Phelan* v. *Brady,* 119 N. Y. 587; *Marden* ·v.· *Dorthy,* 160 id. 39, 52; *Holland* v. *Brown,* 140 id.

344.)   The title tendered to the purchasers, therefore, was subject to any rights, title or interest which the occupant could establish. The purchasers could only obtain possession by means of an action brought for the purpose of determining that Cohen had no right, title or interest in the premises.   Under these circumstances the title was not one which the purchasers were obliged to accept. (*Timmermann* v. *Cohn*, 204 N. Y. 614; *Heller* v. *Cohen*, 154 id. 299, 312; *Irving* v. *Campbell*, 121 id. 353; *Holly* v. *Hirsch*, 135 id. 590.)

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, KELBY and YOUNG, JJ., concur.

Order of the County Court of Kings county reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.