STELLAR HOLDING CORPORATION, Appellant, *v.* BENJAMIN BERNS, Respondent.

Supreme Court, Appellate Term, First Department, May 12, 1932.

*Seymour J. Wilner,* for the appellant.

*Lee W. Beilin,* for the respondent.

LYDON, J. This is a summary proceeding to recover possession of the premises in question for non-payment of rent, together with a judgment for rent due and unpaid at the commencement of the proceeding.

The tenant was in occupation under a lease made in December, 1926, for a term which expired in December, 1931. The rent was seventy-five dollars per month. At the time of the execution of the lease the tenant deposited the sum of $225 with the landlord as security for the faithful performance of the covenants of the lease by the tenant. It was expressly provided in the lease that " the three months' security is to pay for the last three months of the lease." Thereafter an action was brought to foreclose a mort-

gage to which the lease was subordinate. The action proceeded to judgment and sale and the petitioner became the purchaser. Title was conveyed to petitioner by the referee in December, 1928. The tenant was not a party to the foreclosure action. He continued to pay the rent reserved in the lease to petitioner until September, 1931, but refused to pay the rent for September or for October, 1931, on the ground that these were two of the last three months of the term for which payment had been made in advance upon the execution of his lease. The present proceeding was then brought to recover possession together with a judgment for the September and October rent at the rate provided in the lease. The November rent had not yet become due. The court found for the tenant and the final order adjudged that he was entitled to possession. The landlord appeals.

I think the determination below was right.

Although the question involved is a simple and practical one and is concededly a pure question of law, it is strenuously argued on both sides and many authorities are cited as sustaining the conflicting views of counsel, though none precisely in point is called to our attention. The confusion on the subject is due to a failure to distinguish between the rights of a receiver and those of a purchaser under the judgment and sale in foreclosure.

It is manifest that where the lease is subordinate to the mortgage foreclosed, the mortgagee cannot be deprived of his rights under the mortgage by any agreement between the mortgagor and his tenant. Hence, if he procures the appointment of a receiver in the foreclosure action the receiver may have greater rights than the landlord would have had (*Derby* v. *Brandt*, 99 App. Div. 257; *Olive* v. *Levy*, 201 id. 262), and this may be so even where the tenant has not been made a party to the action. (*Home Life Ins. Co.* v. *O'Sullivan*, 151 App. Div. 535; but see Keogh Summary Proceedings, p. 196.)

But the rights of a purchaser at the foreclosure sale are quite different. He purchases with notice of the rights of the tenant in possession. (*Phelan* v. *Brady*, 119 N. Y. 587.) If he inquires he may find, as in the present case, that the tenant has not been made a party to the foreclosure action. He is chargeable with knowledge that the tenant's lease will not be affected by the judgment or by the sale. He acquires the property subject to the lease. He may enforce the covenants of the lease against the tenant but he has no other rights. He is bound by the covenants favorable to the tenant, at least in so far as they afford the tenant a defense or an offset to his claim for rent. And, of course, in such a case it can make no difference whether the purchaser is the mortgagee himself

or a stranger. The mortgagee was not bound by the terms of the lease which was subordinate to his mortgage. But in his character as purchaser at the foreclosure sale he can have no greater rights than any other purchaser.

I conclude, therefore, that the petitioner here was bound by the lease and that the tenant was entitled to assert that the rent for the last three months of the term had been paid.

Final order affirmed, with twenty-five dollars costs.

LEVY and FRANKENTHALER, JJ., concur in result.