■ DIME SAVINGS BANK OF WILLIAMSBURG, Respondent, v. CEDARCREST MANAGEMENT CORP. et al., Defendants; JOHN DOE et al., Appellants.— In a mortgage foreclosure action, the defendants who are tenants in the premises appeal from an order of the Supreme Court, Kings County, dated November 11, 1971, which denied their motion to vacate the order appointing the temporary receiver. Order affirmed, without costs. No opinion. Martuscello, Latham, Shapiro and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and to direct a hearing, with the following memorandum: The tenants in the subject multi-family dwelling made a motion to remove a Receiver appointed in this action to foreclose a mortgage. They allege that an agreement was made between the Receiver and their representatives whereby the rents payable by them were to be held in escrow and released upon completion of certain repairs and restoration of essential services. The repairs have not been completed and the services have not been restored, according to their claims. The building has seriously deteriorated, so the tenants assert, during the time of the receivership. The Receiver resists the application on the grounds that (1) the tenants have no standing to make it and (2) he has no funds with which to make the repairs. In my view, a hearing should be held to determine the facts. The tenants have standing to bring the application, as parties to the action (cf. CPLR 6405; Real Property Actions and Proceedings Law, § 1311, subd. 1; *Scheidt* v. *Supreme Woodworking Co.,* 212 App. Div. 179). A Receiver has statutory obligations to maintain the property (Multiple Dwelling Law, § 4, subd. 44; § 78, subd. 1; § 80). Having made an agreement with the tenants to make repairs to the property and to pay for them out of the escrow funds, the Receiver is under a duty of explanation as to the reasons for the failure to make the repairs. Hence, a hearing is necessary for the full explanation of the facts and circumstances.