■ EMPIRE SAVINGS BANK, Respondent-Appellant, v TOWERS COMPANY, Appellant-Respondent, et al., Defendants.—In an action to foreclose a mortgage, plaintiff and the defendant the Towers Company appeal from stated portions of an order of the Supreme Court, Queens County, dated February 10, 1976, which, *inter alia,* (1) vacated a prior order of the same court, dated October 30, 1975, and (2) reappointed a receiver, effective November 5, 1975. Order reversed, with $50 costs and disbursements, and the order of October 30, 1975 is reinstated. Special Term vacated its order of October 30, 1975, which order, *inter alia,* appointed a receiver, on the ground that no action to foreclose was pending on the date the order issued. Nonpendency was predicated upon a finding that service upon one John Wingate, a handyman who occupies a basement apartment in the subject premises, but pays no rent, was not service upon a party defined in sections 1311 and 1313 of the Real Property Actions and Proceedings Law, and was not service upon an agent of defendant the Towers Company. Although Wingate may not be a person defined by the statutes cited, he is a person who may be joined as a party to the foreclosure action (see CPLR 1002, subd [b]). The interest of an occupant of the mortgaged premises who is not served remains unaffected by the foreclosure *(Douglas v Kohart,* 196 App Div 84, 88; 1 Wiltsie, Mortgage Foreclosure, § 369). Wingate was, therefore, properly joined as a party in order to cut off his interest as an occupant in possession of an apartment in the premises. Service upon him commenced the action. The

owner of the equity of redemption need not be served before a receiver is appointed; service upon another proper party also commences the action so as to permit the appointment of a receiver (see *Harvey v Mooney,* 168 App Div 169; *Wolf v 120 Middleton Realty Corp.,* 31 Misc 2d 668). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.