OPINION OF THE COURT
Robert W. Cacace, J.
In this summary proceeding for nonpayment of rent, the respondent tenant claims that she does not owe the rent alleged in the petition because of a division of housing order which permits her to offset rent overcharges against her current rent.
The premises are subject to the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4). In November of 1982, the tenant obtained an order determining that the then landlord, Innabi, had overcharged her in the total amount of $1,705. The order directed Innabi to pay the amount of the overcharge to the tenant. It also provided that, if such payment was not made, the tenant could either file the order as a judgment against the landlord or could reduce future rent payments by an amount not greater than 20% per month. Neither step could be taken until the expiration of four months, the period during which the landlord could seek judicial review of the order.
Innabi did not pay the amount of the overcharge to the tenant; and prior- to the expiration of the four-month period, the mortgagee (Krochta) foreclosed the mortgage held by him and purchased the premises at the foreclosure sale. The tenant was not made a party to the foreclosure action. Krochta is the present owner and the petitioner herein.
After the foreclosure, the tenant paid to Krochta the legal regulated rent of $250 per month until March 14, *472 1983. Since March 15, 1983, the tenant has not paid any rent, claiming that the order permits her to offset the overcharge against the rent due to Krochta after that date. Whether she may do so is apparently a question of first impression.
Section 12 (subd a, par [1], cl [e]) of the Emergency Tenant Protection Act of 1974 provides that, at the expiration of a four-month waiting period, the order determining overcharges may: “be filed and enforced by a tenant in the same manner as a judgment or not in excess of twenty percent thereof per month may be offset against any rent thereafter due the owner.” The tenant is thus provided with alternative statutory remedies for recovery of the overcharge and is notified of his options in the order. The right to offset against current rent is particularly important to a tenant still in possession, as it is easily effected without the necessity for further proceedings against the landlord.
The sole issue to be determined here is whether the tenant’s statutory right to offset has survived the foreclosure sale. If it has, she may offset the overcharge against rent owed to Krochta; if it has not, she must recover the overcharge by entering and enforcing the order as a judgment against the prior owner, Innabi.
RPAPL 1311 requires that a tenant must be made a party to a foreclosure action, and provides, in pertinent part, that:
“Each of the following persons, whose interest is claimed to be subject and subordinate to the plaintiff’s lien, shall be made a party defendant to the action:
“1. Every person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years”.
The tenant would then have the opportunity to assert any rights he possessed and obtain a proper adjudication thereof. (Riegel Contr. & Supply Co. v Siegel, 110 Misc 710, 713.)
The occupancy of a person in possession is notice to the purchaser of any claim the occupant may be able to establish. (Scheldt v Supreme Woodworking Co., 212 App Div *473 179, 180.) In order to cut off the interest of an occupant in the premises, the occupant must be made a party to the foreclosure action. (Douglas v Kohart, 196 App Div 84, 88.) If a tenant is not made a party, his interest is not affected by the judgment of foreclosure and the purchaser takes title subject to any rights, title or interest which the tenant is able to establish. (Empire Sav. Bank v Towers Co., 54 AD2d 574; Scheldt v Supreme Woodworking Co., supra, p 181; Douglas v Kohart, supra, p 88; Stellar Holding Corp. v Berns, 143 Misc 781, 782.)
Thus it was held, in Stellar Holding Corp. v Berns (supra, p 782) that a purchaser at sale is bound by covenants favorable to the tenant insofar as they afford a defense or offset to the purchaser’s claim for rent. In that case, the lease provided that the security deposit would be applied as rent for the last three months of the lease. The purchaser at sale took title during the lease term, and the tenant refused to pay the last three months’ rent to him. The court held that the purchaser at sale took title subject to the tenant’s claim for application of the security deposit and affirmed judgment for the tenant.
In this matter, the respondent Green was not made a party to the foreclosure action. Had she been a party, she would have had an opportunity to assert any claim against the property which she may have had. Since she was not a party, her right to offset the overcharge against rent due after expiration of the four-month period survived the foreclosure sale. The petitioner therefore took title subject to Green’s right to offset, and Green is entitled to assert that right in this proceeding. (See Empire Sav. Bank v Towers Co., 54 AD2d 574, supra; Scheldt v Supreme Woodworking Co., 212 App Div 179, supra; Stellar Holding Corp. v Berns, 143 Misc 781, supra; Douglas v Kohart, 196 App Div 84, supra.)
Therefore, it is the opinion of this court that the tenant may offset the amount of the overcharge against rent owed to the present landlord and petitioner. In accordance with section 12 (subd a, par [1], cl [e]) of the Emergency Tenant Protection Act, the allowable offset is $341 per month. Based upon the legal regulated rent of $250 as established in the November 28,1982 order, the tenant was entitled to *474 offset the entire month’s rent of $250 for the months alleged in the petition. Any remaining balance may be applied in months subsequent thereto until the overcharge is fully recovered. Accordingly, the petition herein is dismissed.