OPINION OF THE COURT
Lewis R. Friedman, J.
This ejectment case requires analysis of serious, previously unresolved questions concerning the consequences of a quiet title action. The court must determine whether a tenant in possession pursuant to a residential lease is required to be *13 served in an action to quiet title. The case also involves the application of conflicting statutes governing notices of pendency.
Plaintiff claims that she owns 666 Taylor Avenue, Bronx. On March 13, 1989 plaintiff filed a notice of pendency and commenced an action to quiet title pursuant to RPAPL 1501 et seq. In her complaint she alleged she was deeded the property in 1961 and that a subsequent deed purporting to convey title from her to 666 Taylor Realty, which then conveyed to 666 CAS Realty, was a forgery. She served both of those entities as well as most of the other named parties. This court, based on the documents submitted, granted a motion for a default judgment when no response was received from any named party, but severed the action as to Michael Avallone, who was sued solely as the notary who took the acknowledgment on the forged deed. The judgment, entered May 30, 1990, declared that Cora Lewis is the fee owner of 666 Taylor Avenue, held that the deed dated May 3, 1961 to Cora Lewis was the last valid deed in the chain of title and directed the City Register to cancel all subsequent deeds.
In this ejectment action plaintiff moves for summary judgment against defendant Elisa Valentin, dismissal of Ms. Valentin’s counterclaim, and a default judgment as to the defendants who have not answered. Elisa Valentin opposes the motion; she claims that she has been a tenant in the building for several years, renting from 666 CAS Realty, and that she purchased the building from 666 CAS Realty by deed dated June 14, 1988; the deed was recorded March 21, 1989. Her position in this action is that she was entitled to be a party to the quiet title action, but that she was not served. She claims that she first learned of the quiet title action in October 1990 when she saw a copy of the judgment attached to the "rack” at her mailbox at 666 Taylor Avenue.
The court must first determine whether Ms. Valentin was a party required to be served in the quiet title action; if she was, but service was not made, the court then must determine the legal effect of the quiet title judgment.
RPAPL article 15 provides a means, as in a declaratory judgment action (Niagara Falls Power Co. v White, 292 NY 472, 477), to establish a "clearing house” for a final determination of claims to real property (Hibiscus Harbor v Ebersold, 53 Misc 2d 868, 871). The plaintiff, as a person who "claims an estate or interest in real property”, may bring a quiet title *14 action "against any other person, known or unknown * * * to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make” (RPAPL 1501 [1]). In the quiet title action plaintiff contended that her name had been forged on a deed allegedly conveying the property to 666 Taylor Realty, a defect that allegedly appeared in the public records. She also sued 666 CAS Realty, the record titleholder, to which the 666 Taylor entity had conveyed title. No others were named as owners, since on the date the action was commenced or on date of filing the notice of pendency there were no recorded subsequent interests.
Three persons were named as tenants of various portions of the building. A "G. Valentine” was named as the occupant of the second floor. The proofs of service in the original action show that those named as tenants were not served. RPAPL 1511 (1) provides "[i]n an action brought under this article, the person in possession shall be made a party to the action”. Does that section mandate that all residential tenants must be served as parties? There appears to be no authority directly on point. The legislative history of RPAPL article 15, however, strongly suggests that tenants must be made parties.
At common law, disputes as to possession of property could be litigated in ejectment if the person bringing the action was out of possession; however, there was no legal remedy available to a person in possession. A bill in equity, quia timet, provided some relief in a limited class of cases (see, Moores v Townshend, 102 NY 387, 393 [1886]; Lewis v Howe, 174 NY 340, 343 [1903]; Pure Strains Farm Co. v Smith, 99 Misc 108, 109 [1917]). The Revised Statutes of 1828 provided the first statutory procedure to fill the procedural gap (Rev Stat of NY, part III, ch V, tit II [1st ed]). Under that statute a party commencing a quiet title proceeding had to have been in possession of the property for at least three years and had to be claiming a fee or life interest against a person also claiming a fee or life interest. The Code of Procedure of 1848 changed the manner of commencing a quiet title action (compare, Crane v Sawyer, 5 How Pr 372 [1851], with Hammond v Tillotson, 18 Barb 332, 334 [1854], and Barnard v Simms, 42 Barb 304, 306 [1864]), but left the substantive rules of the proceeding unchanged. Until the provisions were codified as sections 1638 to 1650 of the 1876 Code of Civil Procedure, quiet title proceedings only determined rights to possession of *15 the property, not issues relating to title. Although over the years changes were made in the period of time the plaintiff needed to be in possession to maintain the action, reducing three years (see, Boylston v Wheeler, 61 NY 521, 523 [1875]; Diefendorf v Diefendorf, 132 NY 100, 107 [1892]; Pure Strains Farm Co. v Smith, supra, 99 Misc, at 109) to one year, the substance of the statute remained substantially unchanged. In 1920, the Code of Civil Procedure sections were recodified as article 15 of the Real Property Law. Under Real Property Law § 500, the plaintiff had to be in possession of the property in question for at least one year immediately prior to commencement of the action seeking to quiet title. Various fictions were allowed so that the party claiming title was presumed to be in possession through constructive possession (see, Pure Strains Farm Co. v Smith, supra, 99 Misc, at 109). The defendant could only be a person who claimed title or an interest in the property (People v Firth, 88 Misc 217, 221 [1914]) or a person whom the plaintiff alleged might make such a claim.
In 1943 the Law Revision Commission, after a scholarly study of actions to quiet title, ejectment, partition and the like (see, 1943 Report of NY L Rev Commn, at 233-326, 1943 NY Legis Doc No. 65 G) (Report), proposed substantial revisions to the law. At the Commission’s recommendation, Real Property Law article 15 was amended to adopt the language which was carried, essentially verbatim, into the present RPAPL. One of the major 1943 changes was to eliminate the requirement in section 500 of the Real Property Law that the plaintiff be in possession of the property. Thus, the proceeding can now be brought by a person merely claiming an interest in the fee. As one of the amendments adopted to accomplish that change, section 501 was added to require that the person in possession be made a party. "This section is new * * * Its purpose is to prevent litigation concerning an interest or estate in land without making the person in possession a party.” (Report, at 236, 246.) The Report clearly intended that even though quiet title actions could determine title interests they still deal with rights of possession of real property.
Possession of real property has long been held to be significant. "The general rule is that actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish.” (Ehrlich v Hollingshead, 275 App Div 742; Phelan v Brady, 119 NY 587, 591-592 [1890]; Wardell v Older, 70 AD2d 1008, 1009.) Simply put, any person involved with the property knows that the *16 possessor claims some interest, even if just a tenancy for years, in the property (see, City Bank v Hocke, 168 App Div 83, 87 [1915]).
An analogous statutory requirement in RPAPL 1311 (1), applicable to actions to foreclose a mortgage, requires that any person under a lease for years be named as a party defendant. The reason for that rule is that "[t]he occupancy of a person in possession is notice to the purchaser of any claim the occupant may be able to establish” (Krochta v Green, 121 Misc 2d 471, 472-473, citing Scheldt v Supreme Woodworking Co., 212 App Div 179, 180). Service on tenants in multiple dwellings presents difficult practical problems. As the Court of Appeals (Phelan v Brady, supra, 119 NY, at 591-592) noted: "It may be true * * * that when a party takes a conveyance of property situated as this was, occupied by numerous tenants, it would be inconvenient and difficult for him to ascertain the rights or interests that are claimed by all or any of them. But this circumstance cannot change the rule. Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world of the existence of any right which the person in possession is able to establish.”
There is no issue whether Ms. Valentin’s tenancy was hidden. Clearly a tenant such as Ms. Valentin, in open possession, had sufficient connection to the property so that she should have been made a party; indeed, plaintiff suggested as much by including her in the complaint. Concededly, she was not served in compliance with CPLR 308. Plaintiff argues that Ms. Valentin had actual notice since the motion for a default judgment was mailed to her. It does not require citation to conclude that that service was not sufficient to subject her to the court’s jurisdiction. However, the failure to properly serve her does not end the inquiry, for the court must determine the effect to be given to the quiet title judgment already entered.
In connection with mortgage foreclosures the courts have long held "[i]n order to cut off the interest of an occupant in the premises, the occupant must be made a party to the foreclosure action. (Douglas v Kohart, 196 App Div 84, 88.) If a tenant is not made a party, his interest is not affected by the judgment of foreclosure and the purchaser takes title subject to any rights, title or interest which the tenant is able to establish” (Krochta v Green, 121 Misc 2d 471, 473, supra; Stellar Holding Corp. v Berns, 143 Misc 781, 782; Empire Sav. Bank v Towers Co., 54 AD2d 574; Scheidt v Supreme Wood *17 working Co., supra, 212 App Div, at 181). The omission of the necessary tenants in a foreclosure action is not fatal; the rights of the unserved party are protected since the party is not bound by the judgment. That result is consistent with the New York approach that dismissals for failure to join parties are rarely successful (Siegel, NY Prac § 133, at 200 [2d ed]).
Here, by analogy, the result would appear to be that the court should simply hold that Ms. Valentin’s rights are unaffected by the prior judgment. The problem is that Ms. Valentin is claiming more than the right to continued occupancy in her apartment as a tenant; rather she is contending that she has acquired fee title to the property from 666 CAS Realty, an entity which has had its deed canceled by the prior judgment.
Is Ms. Valentin’s interest cut off even though she was not a party? Once the rights of any parties are litigated in a quiet title action the judgment has far-reaching effects. RPAPL 1521 provides that "The judgment shall also declare that any party whose claim to an estate or interest in the property has been adjudged invalid, and every person claiming under him, by title accruing after the filing of the judgment-roll, or of the notice of the pendency of the action, as prescribed by law, be forever barred from asserting such claim to an estate or interest the invalidity of which is established in the action.”
Clearly Ms. Valentin is "claiming under” 666 CAS Realty. Her interest in the property "accrued” when the deed was signed and delivered (cf., Munoz v Wilson, 111 NY 295, 303-304; Southern Assocs. v United Brands Co., 67 AD2d 199, 202; Goldbourne v Williams, 175 AD2d 860, 861). Under RPAPL 1521 since that accrual was prior to the filing of the notice of pendency, her interest would appear unaffected. However, CPLR 6501 provides "[a] person whose conveyance or incumbrance is recorded after the filing of the notice [of pendency] is bound by all proceedings taken in the action after such filing to the same extent as if he were a party.” Without doubt RPAPL 1521 and CPLR 6501 are irreconcilably inconsistent. In a quiet title action the notice of pendency binds either those whose interests accrue after the notice is filed or those who record after the notice is filed regardless of when the interest accrues. There is no way to reconcile those provisions. The Legislature could not have intended both statutes to apply at the same time. Thus the court must determine whether the CPLR or RPAPL takes precedence.
CPLR 101 provides that the CPLR "shall govern the proce *18 dure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.” That language suggests that the inconsistent provisions of the RPAPL apply. However, the Court of Appeals has recently held that CPLR 101 means only that the practice acts for the lower courts take precedence over the CPLR in those courts. "CPLR 101 is best understood as a response to the reorganization of the court system that was undertaken at roughly the same time as the CPLR was drafted” (Ling Ling Yung v County of Nassau, 77 NY2d 568, 571).
Where reconciliation of the statutes cannot be accomplished, the basic rule is for the court to determine the Legislature’s intent (McKinney’s Cons Laws of NY, Book 1, Statutes § 392; People v Mann, 31 NY2d 253, 257). The traditional canon of construction is that the later enacted statute is deemed to have repealed the earlier by implication (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 391, 398; People ex rel. Thorpe v Clark, 62 AD2d 216, 224). Both the RPAPL and CPLR were enacted in 1962. Normally statutes enacted at the same session are not held to impliedly repeal each other. But the specific language at issue in both statutes dates from long before 1962. The language of the RPAPL is essentially that of the 1920 version of the statute. The CPLR language comes from Code of Procedure (1848) § 132, Code of Civil Procedure (1876) § 1671 and the Civil Practice Act (1920) § 121. However, further analysis shows that the CPLR was intended to apply. The CPLR was adopted after a seven-year intensive study of its ramifications and six separate reports to the Legislature, including one that discussed the effect of what is now section 6501. The language at issue was added "although it is partially repetitious to make it clear that a conveyance subsequently recorded although previously executed is subject to the notice” (Third Report of Advisory Comm on Prac and Proc, at 151-152 [1959]). On the other hand the RPAPL was adopted as a consolidation of rules applicable to real, as opposed to personal, property and as a repository for certain sections of the Civil Practice Act which were not incorporated into the CPLR. Large segments of the Real Property Law were simply moved into the RPAPL; there was no study of those sections or change in their language. The Law Revision Commission, which proposed the new codification, did not even attempt to insure that the newly crafted CPLR did not conflict with the provisions, such as Real Property Law § 500, which *19 were placed in the new RPAPL. The court concludes that the Legislature expressed its intent in CPLR 101 — the CPLR should apply "in all civil proceedings.”
The history of the notice of pendency statute is consistent with the result here. In 5303 Realty Corp. v O & Y Equity Corp. (64 NY2d 313, 318) the court noted that the statutory notice of pendency was the outgrowth of the rule that if " 'the defendant aliens after the pendency of the [suit], the judgment in the real action will overreach such alienation’ ” (see, Murray v Ballou, 1 Johns Ch 566, 577; Murray v Blatchford, 1 Wend 583, 618). The Court of Appeals observed that the notice of pendency rule may well work occasional injustices to bona fide purchasers for value but that a strict rule is required so that actions involving real property may be resolved without the risk that the suit will be mooted by the conveyance of the property before judgment. "One of this court’s paramount goals is to formulate equitable, stable rules by which individuals can reliably order their affairs. The complexity of society requires that exceptions be engrafted to the rules in order to maintain their equity. Exceptions, however, must be reluctantly drawn, lest they proliferate and render the rule meaningless” (5303 Realty Corp. v O & Y Equity Corp., supra, 64 NY2d, at 324-325). An exception to the usual rules creates its own mischief. Indeed, the purpose of the notice of pendency statute is to prevent precisely the circumstance that exists here.
In short Ms. Valentin is bound by the proceedings in the quiet title action even though she was not served or made a party. While Ms. Valentin argues that she should not be held responsible for the many months’ delay in recording her deed, the law is to the contrary. Ms. Valentin may well have a cause of action against her title insurance company or others responsible for the delayed recording, but those are questions for another day in another proceeding. They do not change plaintiffs’ rights to her property.
There are no triable issues of fact raised other than the issues which Ms. Valentin is precluded by the notice of pendency from raising. There is no claim that she has a lease to the premises or that the premises, a three-family house, are subject to rent regulation. The motion for summary judgment *20 is granted. Since the complaint states a cause of action, the motion to dismiss the counterclaim is granted. The notice of deposition served by Ms. Valentin is stricken since it seeks legally irrelevant information. A default judgment is granted against the defendants who have not answered.