US Bank N.A. v Nicholas (2023 NY Slip Op 50294(U))

[*1]

US Bank N.A. v Nicholas

2023 NY Slip Op 50294(U)

Decided on March 17, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-780 K C

US Bank National Association, as Indenture Trustee on Behalf of and With Respect to Ajax Mortgage Loan Trust 2016-C Mortgage Backed Notes, Series 2016-C, Respondent,
against
Caroline Nicholas, Ivan Nicholas, Karen Nicholas, and Eureka Nicholas, Appellants, Quicine Evans and Errol Brown, Tenants, et al., Undertenants. 

Alice A. Nicholson, for appellants.
Friedman Vartolo, LLP (Ronald P. Labeck of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Malikah Sherman, J.), dated July 1, 2022, deemed from a final judgment of that court entered July 6, 2022 (see CPLR 5501 [c]). The final judgment, entered pursuant to the July 1, 2022 order granting petitioner's motion for summary judgment, awarded petitioner possession in a summary proceeding commenced pursuant to RPAPL 713 (5).

ORDERED that the final judgment is affirmed, without costs.
Petitioner commenced this post-foreclosure summary proceeding (RPAPL 713 [5]) after obtaining ownership pursuant to a referee's deed. In an order dated July 1, 2022, the Civil Court granted petitioner's motion for summary judgment and, pursuant to that order, a final judgment was entered on July 6, 2022. 
Preliminarily, contrary to petitioner's argument on appeal, occupants' notice of appeal was timely filed within 35 days from service of the notice of entry by regular mail (see CPLR 2103 [b] [2]; 5513 [a]).
Contrary to occupants' arguments, they did not assert any facts which would make them necessary parties to the underlying foreclosure action. Occupants do not claim that they had any ownership, lease, or property interest in the subject house at the time of the commencement of the foreclosure action. Thus, the Judgment of Foreclosure and Sale entered in that action did not cut off their interests, as they did not have any (see RPAPL 1311; Douglas v Kohart, 196 App Div 84 [1921]). Occupants have not otherwise refuted petitioner's entitlement to possession pursuant to RPAPL 713 (5). Occupants therefore presented no triable issues of fact to defeat petitioner's motion for summary judgment.
Accordingly, the final judgment is affirmed. 
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 17, 2023