J. Robert Lynch, J.
The plaintiff has obtained a judgment foreclosing its mortgage on premises at 137 Genesee Street, Utica. The Shoe Corporation of America was a named defendant in that action, being a lessee of a portion of the premises. The petitioner, Singer Sewing Machine Company, holds a sublease from Shoe Corporation of America, and is and has been in open notorious possession. Singer was neither named nor served as a defendant in the foreclosure action. The plaintiff has served on Singer a notice to vacate, claiming its right of possession has been foreclosed by the judgment.
Singer moves now for alternative relief that: (1) the judgment be opened to permit Singer to appear and answer; (2) the plaintiff be directed to assign Singer its mortgage upon payment by Singer of the amount due; (3) Singer’s right of possession be declared to be exempt from the judgment of foreclosure. t( The plaintiff can make an occupant a party [to the foreclosure action] if he so desires, and the decree will then cut off any interest which the occupant has in the premises subsequent to the mortgage. If, however, he fails to make the occupant a party, the only result is that the interest which the occupant has in the premises is unaffected by the foreclosure ”. (Douglas v. Kohart, 196 App. Div. 84, 88.) (See, also, Civ. Prac. Act, §§ 1079, 1085; Scheidt v. Supreme Woodworking Co., 212 App. Div. 179.) *351 The plaintiff’s failure to serve Singer renders academic the question whether or not Shoe Corporation of America was properly served.
The petitioner is entitled to an order declaring that its right of possession in said premises is unaffected by the plaintiff’s judgment of foreclosure. Submit order accordingly.