HARVEY v. MOONEY et al.

(Supreme Court, Appellate Division, Second Department.    May 7, 1915.)

1. MORTGAGES ⚫⟺427—FORECLOSURE—PARTIES.
        A tenant in possession is a necessary party defendant to an action for mortgage foreclosure and sale.
        [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1269, 1272–1287; Dec. Dig. ⚫⟺427.]

2. MORTGAGES ⚫⟺580—FORECLOSURE—TENDER—COSTS.
        An action to foreclose a mortgage, brought against the mortgagor and a tenant in possession of part of the property, is commenced by the filing of lis pendens and service of summons and complaint on the tenant; and a subsequent tender by the mortgagor, absent at the time of the service on the tenant, and before service on her, is too late, and she is liable for costs.
        [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1657–1668; Dec. Dig. ⚫⟺580.]

Appeal from Kings County Court.

Action by William P. Harvey against Mary Elizabeth Mooney and others. From a judgment for plaintiff, defendant named appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

James F. Brady, of Albany, for appellant.
Robert S. Kristeller, of New York City, for respondent.

CARR, J. This is an appeal from a judgment of the County Court of Kings county, decreeing foreclosure and sale. The controversy is a very narrow one. The defendant, the owner of the equity of redemption, appeals from the judgment, on the ground that she had made a tender of the amount due on the bond and mortgage, together with interest, before the action was begun, and hence the lien of the mortgage was discharged. She kept this tender good, and paid the amount into court. We are told in the brief of the appellant that since the entry of the judgment the defendant has withdrawn from the court the moneys deposited in satisfaction of the bond and mortgage, so that the only question before us on this appeal is whether the defendant should have been charged with the costs of the foreclosure action. There is no controversy as to the essential facts. The whole question

is whether the tender was made before the action was begun, and, as to the circumstances of the tender, there is no dispute. The plaintiff filed a notice of lis pendens, and served the summons and complaint in the action of foreclosure upon a tenant of the property. It was a two-family house; the tenant residing on the lower floor, and the owner on the upper floor. When the service of the summons and complaint was made on the tenant, the owner was absent from the city, and on her return, and before service was made upon her, she made the tender. So the whole question is: Was the tender made before the action was begun?

[1, 2] It is the theory of the appellant that the action was not begun until she was served with the process, while it is the contention of the respondent that the action was begun when the summons was served upon a necessary party defendant. It seems plain that a tenant in possession of real property is a necessary party defendant to an action for foreclosure and sale, in order that the property may be sold under the judgment free of all outstanding claims. If the tenant were omitted from the foreclosure action, then the purchaser under the judgment would not be entitled to oust the tenant until the termination of the tenancy, and, at the same time, would take the title subject to any claim of right that the apparent tenant might have; his occupation of the property being notice to all parties attempting to deal with it. This being so, then the action of foreclosure was begun when the tenant was served with the summons and complaint, and the tender made thereafter by the owner, even though she herself had not been served at the time, was not made before the beginning of the action. The appellant argues that, as there was but one tenant in the property, the circumstances of the case are peculiar, and the action should not be deemed to have been begun until she had been served. It seems to us, however, that this action is to be determined regardless of how many tenants there were. It is apparent that in a foreclosure action there may be a great number of parties defendant, exclusive of the owner of the equity of redemption, and a plaintiff seeking to foreclose a mortgage could be put to very considerable expense in making service upon numerous necessary defendants during the absence of the owner of the equity of redemption. It can be scarcely the case that the owner of the equity of redemption could then come in and make a tender just the same as if no action had been begun, and thus escape the imposition of costs.

The judgment of the County Court of Kings county is affirmed, with costs. All concur.