Columbus Robinson and Another, Plaintiffs, *v.* William H. Hartley and Another, Defendants.

County Court, Niagara County, September 17, 1929.

*Fred D. Moyer,* for the plaintiffs.

*Judson, Holley & Andrews,* for the defendants.

Gold, J.   Plaintiffs commenced an action against the defendants to foreclose a mortgage held by plaintiffs against property of the defendants located in the town of Newfane, Niagara county, N. Y. The defendants did not serve an answer.   Judgment was taken by default and a sale had of the property by the referee.   The plaintiffs bid $6,000 for the property on the sale, which was the highest bid. The referee struck down the property to the plaintiffs and it appears that the amount needed on the sale with which to pay plaintiffs' mortgage, costs and disbursements was $7,918.30, leaving a deficiency of $1,918.30.

Plaintiffs come into court and ask that the sale be confirmed and for a judgment for such deficiency.

Defendants, who had not appeared at all prior to judgment, appear for the first time and object to a deficiency judgment being entered.   They base their reason for the same upon the fact that the plaintiffs failed to make the tenants upon said premises parties defendant in the action.   It appears that one Peter Meahl was in possession of one of the stores on said premises and one Howard Wilbur was in possession of the barber shop and living apartments above the same.   The said Meahl had a lease of said store having seven years yet to run at the monthly rental of twenty dollars and the said Wilbur had a lease of the barber shop and living apartments having four years to run, at the weekly rental of six dollars.   Both

of said leases were made subsequent to the execution and delivery of plaintiffs' mortgage. The leases were not recorded in the county clerk's office.

One of the defendants' attorneys filed an affidavit in which he states that he would have purchased said premises on said sale at the full amount of the mortgage, interest and costs if the said tenants had been made parties to the action and their rights thereby cut off. He further states that because of the said leases and the fact that the same were not cut off, he did not purchase the premises at that figure.

Plaintiffs contend that it was not necessary to make the tenants defendants and that if they, the defendants, wanted the tenants brought into the action they could have made a motion therein for such relief.

It was not necessary on the part of the plaintiffs to bring in the tenants.

"The mere fact that the defendant actually was in possession did not make him a necessary party to the foreclosure. The plaintiff can make an occupant a party if he so desires, and the decree will then cut off any interest which the occupant has in the premises subsequent to the mortgage. If, however, he fails to make the occupant a party, the only result is that the interest which the occupant has in the premises is unaffected by the foreclosure." (*Douglas* v. *Kohart*, 196 App. Div. 84, 88.)

The defendants knew of the existence of the leases and knew whether or not they considered them favorable or unfavorable; in fact they were in possession of all the facts with reference to the same. Notwithstanding this knowledge, they made no effort to bring the tenants into the action and thereby place the referee in position to sell the property free and clear therefrom.

Under section 278 of the Civil Practice Act the defendants had the right to cure the situation, but they made no attempt to do so.

The sale having taken place and deed delivered I do not see how the defendants can come in at this time and ask that no deficiency judgment be entered.

The report of the referee is, therefore, confirmed.