LUIGI PIGNOLONE, Plaintiff, *v.* CONCETTA MARTINO and Others, Defendants.

Supreme Court, Kings County, August 18, 1932.

*Krimko & Lebovitz*, for the motion.

*William C. Rindone*, opposed.

CUFF, J. This mortgage contains this clause: " That the holder of this mortgage in any action to foreclose it shall be entitled to the appointment of a receiver." Subdivision 10 of section 254 of the Real Property Law (as added by Laws of 1930, chap. 166) interprets that clause as meaning that a receiver may be appointed " without notice and without regard to adequacy of any security of the debt." It will be noted that the mortgage clause is silent on notice and adequacy of security. Section 975 of the Civil Practice Act requires that notice be given before a receiver may be appointed in foreclosure, unless the mortgage by its terms waives notice. This receiver was appointed *ex parte* on June 27, 1932. The provision in the Real Property Law construing the clause contained in this mortgage became a law September 1, 1930.

The mortgage was executed October 1, 1929, and matures September 30, 1932. The Real Property Law says nothing about its being retroactive. The only law in effect at the time the contract was made was section 975 of the Civil Practice Act, which required notice unless it was specifically waived. An amendment not in effect when a contract is made and not by law made retroactive cannot be read into that contract (*Jefferson County National Bank* v. *Dewey*, 181 N. Y. 98, 108) when construing it.

Notice should have been given. Motion granted.