FRED HEY, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

HOME TITLE INSURANCE COMPANY, Appellant, v. ISAAC SCHERMAN HOLDING CORPORATION, Respondent, Impleaded with GERTRUDE PFEIFER and Others, Defendants.— Order vacating the ex parte order appointing a receiver in the foreclosure action in all respects reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. A covenant in the mortgage provided that the mortgagee in any action to foreclose should be entitled, without notice and without regard to the adequacy of the security, to the appointment of a receiver; and that the rents and profits were assigned to the mortgagee in the event of any default in the payment of principal or interest or default in the payment of any assessment or water rates. There was default in the payment of interest and water rates. The plaintiff bringing the action of foreclosure had the right to the appointment of a receiver, with the possible exercise of discretion by the court to deny the motion or limit the power of the receiver in the case of hardship or the like. It was not necessary to state in the moving papers that the security was inadequate. (Real Prop. Law, § 254, subd. 10, added by Laws of 1930, chap. 166; Holmes v. Gravenhorst, 238 App. Div. 313, 316.) The provisions of subdivision 2 of section 150 of the General Corporation Law do not apply to the appointment of receivers of rents and profits of mortgaged property owned by a corporation. (N. Y. Title & Mort. Co. v. Polk Arms, Inc., 262 N. Y. 21.) Moreover, the delay in making the motion to vacate until after foreclosure and sale would be sufficient ground to deny the motion in the exercise of sound discretion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of the Petition of MACLYN BAUM to Prove the Last Will and Testament of WILHELMINA BAUM, Late of the County of Kings, Deceased. MACLYN BAUM, as Executor, etc., of WILHELMINA BAUM, Deceased, Respondent; ALWIN BAUM and MINNIE DIETZ, Contestants, Appellants.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent payable out of the estate. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

In the Matter of the Application of RALPH SCHWARTZ and Another, Respondents, against WILLIAM J. HEFFERNAN and Others, etc., and WILLIAM J. BRIETENBACH and JOHN J. McCUSKER, Appellants, for an Order Directing a New Primary Election, etc.— Order modified by permitting an examination of the void, protested and blank ballots in whatever container they may be found. This will permit an examination of the void, protested and blank ballots which may have been segregated and placed in the ballot boxes instead of in the envelopes provided for that purpose. If, however, such ballots have become intermingled with the ballots generally in the ballot boxes, they may not be examined. A case for a general examination of the ballots was not made out in the exercise of discretion. (Matter of Barrett, 209 App. Div. 217.) As so modified, the order is affirmed. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.