Felix O. Benvenga, J.
The defendant in this action to foreclose a mortgage moves to vacate the appointment of a receiver. Clearly, the mortgagee in such an action is entitled, as a matter of law, to such an appointment “without notice and without *168 regard to the adequacy of any security of the debt” (Real Property Law, § 254, subd. 10; § 258), with the possible exercise of discretion by the court to deny the motion or limit the power of the receiver in case of hardship or the like (Home Title Ins. Co. v. Sherman Holding Corp., 240 App. Div. 851; W. I. M. Corp. v. Cipulo, 216 App. Div. 46, 51-52), or, undoubtedly, in a proper case, even to vacate the appointment. Here, it is fair and equitable that there should be an early trial of the action, for the court may, in the exercise of its equitable power, refuse relief if it should find, on the basis of the evidence, that the check in payment of an installment of principal or interest miscarried after its deposit in the mails (see Console v. Torchinsky, 97 Conn. 353, 357, cited in dissenting opinion in Graf v. Hope Bldg. Corp., 254 N. Y. 1, 11), as here alleged. The motion is therefore denied on condition that the plaintiff place this cause on the Equity Calendar for trial, upon payment of the proper fees therefore, in which event the clerk of the court is directed to place the cause near the head of the Ready Calendar for December 9, 1957.
Settle order.