Benjamin Bbenneb, J.
This is an action to foreclose a mortgage in which the defendant owner moves to vacate the appointment of a receiver which was made, ex parte, immediately following service of a summons and complaint on the Attorney-General’s office without notice to and before process was served on said defendant owner. It is claimed that the court lacked jurisdiction in that the affidavit of service had not been filed prior to the appointment of the receiver; that service on the Attorney-General did not lay a foundation for such jurisdiction as there was no unity in interest between the defendants and that the appointment should have been made on notice to this defendant.
*669 An action must be pending before a court may appoint a receiver (Mentz v. Efficient Building Corp., 145 Misc. 505, affd. 234 App. Div. 797, affd. 258 N. Y. 616) and it is commenced by the service of a summons (Civ. Prae. Act, § 218). These elementary prerequisites were present as the papers submitted on the ex parte application plainly informed the court that the summons, complaint and Us pendens were filed with the Cleric of the court on the 30th day of August, 1961 ‘ ‘ and the defendant, People of the State of New York, was on that day served with the summons and complaint.”
It is well established that service of process upon a codefendant united in interest with his codefendant, likewise commences the action (Civ. Prac. Act, § 16). The term “ otherwise united in interest with him ’ ’ must receive a liberal construction and if the interest of the parties in the subject matter is such that they stand or fall together and if judgment against one affects the other, then they are united in interest (Prudential Ins. Co. v. Stone, 270 N. Y. 154; Metropolitan Life Ins. Co. v. Di Novi, 139 Misc. 1). As the lien of the defendant State of New York, if any, would be affected, indeed might even be destroyed by any judgment obtained in the action the said defendant is to that extent united in interest with the defendant owner. An even more onerous result followed service of process upon a defendant tenant without any service at all upon the defendant owner in Harvey v. Mooney (168 App. Div. 169). As to the filing of the affidavit of service, the Buies of Civil Practice, cited by the defendant, are inapposite for they do not mandate such filing to give the court jurisdiction. Buie 15 of the Buies of Civil Practice merely provides the place where the papers are to be filed and the court may exercise its discretion as to the need for the receiver upon proof of service alone.
Notice to the defendant owner is no prerequisite for the appointment as the mortgage contains the provision: “ 5. That the holder of this mortgage in any action to forclose it, shall be entitled to the appointment of a receiver.” This provision has been construed by the Legislature in enacting subdivision 10 of section 254 of. the Beal Property Law, as meaning that the mortgagee or his successor in interest shall he entitled without notice and without regard to the adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises covered by the mortgage (Holmes v. Gravenhorst, 238 App. Div. 313, revd. on other grounds, 263 N. Y. 148; Home Title Ins. Co. v. Scherman Holding Corp., 240 App. Div. 851; Ardeb Realty Corp v. East Estates, 12 Misc 2d 167). The clause in dispute is now found in the standard form of mort *670 gages and dispenses with notice (Real Property Law, § 258, Schedule M).
Incidentally, section 975 of the Civil Practice Act is no longer applicable as it has apparently been superseded by subdivision 10 of section 254 of the Real Property Law. The former section stems from section 714 of the Code of Civil Procedure and, unfortunately, it has not been amended to conform with the later amended subdivision of the Real Property Law.
Sufficient facts having been alleged which, when presented to the court in the first instance, warranted the appointment of a receiver in the exercise of its discretion, the motion is denied.