John H. Galloway, Jr., J.
This is a motion by the defendants Nero brought on by an order to show cause, for an order canceling and setting aside the appointment of a temporary Receiver in a foreclosure action. The plaintiff cross-moves for an order, vacating the stay in the order to show cause, and directing the defendants Nero to pay over to the Receiver all rents and profits received from tenants, or to post a bond or undertaking. The defendants contend that the appointment of a Receiver by an ex parte order and without notice to them was made in violation of section 1325 of the Real Property Actions and Proceedings Law, which section the defendants contend is controlling.
The plaintiff contends that the procedure herein is controlled by subdivision 10 of section 254 of the Real Property Law. The mortgage being foreclosed contains the following provision: “ 5. That the holder of this mortgage in any action to foreclose it shall be entitled to the appointment of a receiver ”. Subdivision 10 of section 254 of the Real Property Law (which has not been specifically repealed in the repealer provision of section 2111 of the Real Property Actions and Proceedings Law) provides that a covenant such as that above quoted, must be *928 construed “ as meaning that the mortgagee * * * shall be entitled, without notice * * * to the appointment of a receiver
Section 1325 of the Real Property Actions and Proceedings Law provides: “1. Where the action is for the foreclosure of a mortgage providing that a receiver may be appointed without notice, notice of a motion for such appointment may not be required.” Since the covenant in the mortgage herein does not specifically dispense with the requirement of notice for appointment of a Receiver, it would obviously come within the bar of section 1325 of the Real Property Actions and Proceedings Law.
There is thus squarely presented the question as to which statute controls, subdivision 10 of section 254 of the Real Property Law, or section 1325 of the Real Property Actions and Proceedings Law. Since we are here concerned primarily with a matter of procedure, we are of the opinion that the more recently enacted Real Property Actions and Proceedings Law, the language of which is not ambiguous, is controlling. Therefore, we hold that the appointment of a temporary Receiver in the within action without notice to the defendants Nero, was made in contravention of section 1325 and the defendants are entitled to have that appointment set aside. Accordingly, the motion is granted. In view of this disposition on the defendants ’ motion, the cross motion of the plaintiff is denied.