SIMON MANDEL, Plaintiff, v. PAUL A. NERO et al., Defendants.

Supreme Court, Putnam County, January 20, 1967.

*Monroe J. Cahn* for plaintiff. *Edwin Samalin* for Paul A. Nero and another, defendants.

JOHN H. GALLOWAY, JR., J. This motion to reargue a motion which granted a defendant mortgagor's application to cancel and set aside the ex parte appointment of a receiver in a foreclosure action (51 Misc 2d 927) is granted.

On reargument we are persuaded that the original determination should be withdrawn and the motion to vacate the ex parte appointment of the receiver denied. On the original motion we were of the opinion that section 1325 of the Real Property Actions and Proceedings Law was controlling, since it was of more recent enactment than subdivision 10 of section 254 of the Real Property Law. Our attention has been directed to the derivation of subdivision 1 of section 1325, which was derived, with but slight change in wording, from the last sentence of section 975 of the Civil Practice Act, which latter section antedated subdivision 10 of section 254 of the Real Property Law (*Pignolone* v. *Martino,* 145 Misc. 749). Apparently then, section 975 of the Civil Practice Act, the predecessor to section 1325 of the Real Property Actions and Proceedings Law, has been construed in harmony with subdivision 10 of section 254 of the Real Property Law for some 33 years prior to the advent of the Real Property Actions and Proceedings Law as permitting the appointment of a receiver in foreclosure without notice (*Ardeb Realty Corp.* v. *East Estates,* 12 Misc 2d 167; *Wolf* v. *120 Middleton Realty Corp.,* 31 Misc 2d 668). Considering then what has been established practice in real estate law in this respect, it would be error on our part, in the absence of a clearcut legislative indication otherwise, to accord section 1325 a meaning and construction contrary to established practice under such long-standing decisional interpretation of the two statutes. The importance we accorded to its more recent enactment should and must give way to these considerations. Subdivision 1 of section 1325 should not be accorded a meaning and effect diametrically contrary to its predecessor in the absence of a manifest intent on the part of the Legislature to achieve that result. (*Fifth Ave. Bldg. Co.* v. *Kernochan,* 221 N. Y. 370, 376.)

Accordingly, on reargument our original determination is withdrawn and the motion to vacate the ex parte appointment of the receiver is denied.