Martin- B. Stecher, J.
These are proceedings brought pursuant to the provisions of article 7-A of the Real Property Actions and Proceedings Law for the appointment of an Administrator for certain multiple dwellings situated in New York County. Neither the fee owner nor any mortgagee filed an answer or otherwise appeared (except to the limited extent hereafter noted). On inquest the proof was adequate to show “unusual circumstances and neglect by a landlord ” resulting in conditions neither “ transitory nor sporadic ” (Kahn v. Riverside Syndicate, 34 A D 2d 515, 516) which are “ dangerous to life, health * * * [and] safety” (Real Property Actions and Proceedings Law, § 770).
The orders proposed by the petitioners would authorize the Administrator to restore to habitable use certain vacant apartments damaged by a fire and to rerent these and other apartments as they become vacant. One mortgagee objects to such use of rents, denying the existence of statutory authority “ to rent any vacant apartment or expend any further waste [sic] upon said properties by the rental or repair to vacant apartments, particularly when the legal maximum rents, if collected, are wholly inadequate to pay the real estate taxes and/or repairs.” The argument is based in part on the assumption that the sole function of the statute “is to protect tenants in possession.”
The statute and findings of the Legislature are to the contrary. Subdivision b of section 776 of the Real Property Actions and Proceedings Law authorizes the court to enter judgment not only requiring the Administrator ‘ ‘ to remedy the condition or conditions alleged in the petition ”, but to grant “ such other and further relief as to the court may seem just and proper.” What is “ just and proper ” is to be determined by *729 the Legislature’s intent in giving the court such broad powers and the facts of the particular case.
In enacting this statute the Legislature not only found that “ additional enforcement powers are necessary in order to compel the correction of such conditions ” —dangerous to life, health and safety — but the need “ to increase the supply of adequate, safe and standard dwelling units, the shortage of which constitutes a public emergency and is contrary to the public welfare.” (L. 1965, ch. 909, § 1; emphasis supplied.)
A number of the apartments in these buildings were severely damaged by fire, as were portions of the roofs. As a consequence the fire-damaged apartments which are now vacant are unusable, and rain coming through the roof creates dangers to the electrical and heating systems of the building. Allowing the interior walls to crumble and the remainder of the fire-damaged premises to decay still further is contrary to the intent of the statute and inimical to the health and safety of the tenants in residence; and the restoration of these apartments will be ordered — to the extent that the available rents allow. Such repair and restoration take precedence over the payment of real property taxes (Kahn v. Riverside Syndicate, 59 Misc 2d 238, revd. on other grounds 34 A D 2d 515).
The objection to allowing the Administrator to rent these and other apartments as they become vacant is likewise overruled. No one seems to be managing this property, superintending it, heating it, repairing it, renting it, or even collecting apartment rents. No objection has been made to the other provisions in the proposed judgment which would vest the Administrator with many of the normal functions of management — privileges and duties extending far beyond the curing of specified, limited" ills. Unless the Administrator assumes these obligations of management, it appears they will not be discharged. Renting vacant apartments is essential to the proper performance of the Administrator’s duties, for without the maximum available income the offending conditions cannot be cured.
The petitioners ’ recommendation that the apartments be rented at present máximums or less on a month-to-month basis is rejected. “ Month-to-month ” tenancies have no meaning in controlled structures, for, as statutory tenants, occupants may remain indefinitely. Accordingly, the Administrator will exercise her best efforts to obtain the maximum rents legally available, entering into leases for such purposes if necessary, and will be authorized to bring summary proceedings where indicated.
*730 At any time, before the repairs have been made, should the fee owner desire to resume the burdens of management, the judgment may be appropriately amended. If at any time any mortgagee or lienor of record wishes to make the repairs itself and thereby take steps to protect the priority of its lien, the court will entertain its application (Beal Property Actions and Proceedings Law, § 777). But in default of the assumption of such responsibilities by those having a financial interest in the property, these powers — and any others hereafter shown to be necessary — will be vested in the Administrator.
The powers granted by the Legislature are broad and this court will not shrink from using them to the extent necessary to discharge the mandate of the statute.