Arthur S. Hirsch, J.
In this mortgage foreclosure action the tenants of the subject premises, by order to show cause, seek (1) dismissal of the complaint and (2) vacatur of the appointment of a receiver which was made by another Justice of this court in an order dated June 25, 1976.
That branch of the motion requesting dismissal of the complaint is denied. The tenants are not such indispensable parties to the maintenance of this mortgage foreclosure action that their absence mandates a dismissal pursuant to CPLR *587 3211 (subd [a], par 10). (Douglas v Kohart, 196 App Div 84, 88; Robinson v Hartley, 134 Misc 703, 704.) However, as a result of the failure of plaintiff to join the tenants as defendants, the interest which the tenants have in the premises would be unaffected by the foreclosure decree, viz., they could not be ejected until the expiration of their tenancies (Harvey v Mooney, 168 App Div 169, 170; Scheidt v Supreme Woodworking Co., 212 App Div 179, 180).
Turning to the second branch of their motion, the tenants argue that the appointment of the receiver should not have been made because the property was in the hands of an administrator, James T. Harris, who was appointed by the Civil Court on February 11, 1976 pursuant to an action commenced by the tenants under article 7-A of the Real Property Actions and Proceedings Law.
The initial question facing this court is whether it has the power to overturn the prior order appointing a receiver. It is clear that the propriety of such appointment rests in the sound discretion of the court in the first instance (Home Tit. Ins. Co. v Scherman Holding Corp., 240 App Div 851; Rae v Hotel Governor Clinton, 22 AD2d 644; Ardeb Realty Corp. v East Estates, 12 Misc 2d 167; Blair v Donlon, 51 NYS2d 921, 922). But it is equally clear in the instant case that since plaintiff’s application for appointment of a receiver was made ex parte, the court was not fully apprised of the circumstances surrounding the subject premises to enable it to properly exercise this discretion. Sufficient facts having been alleged on this motion, the court is now in a position to determine whether the appointment was warranted (see Wolf v 120 Middletown Realty Corp., 31 Misc 2d 668, 670). If the appointment should not have been made, the motion to vacate will be granted (Dajon Realty Corp. v Ansonia House, 275 App Div 834; Ardeb Realty Corp. v East Estates, supra; Blair v Donlon, supra).
In exercising its discretion in this matter, the court must balance the equities of the various interests involved. Specifically, the plaintiff mortgagee has the statutory right to apply to the court for the appointment of a receiver in a mortgage ^foreclosure action (CPLR 6401; Real Property Actions and Proceedings Law, § 1325; Real Property Law, § 254, subd 10). The tenants are also statutorily entitled to and did commence an article 7-A proceeding (Real Property Actions and Proceedings Law, § 769 et seq.) for the purpose of remedying condi *588 tions dangerous to their life, health or safety (Real Property Actions and Proceedings Law, § 769, subd 1). As part of this proceeding in the Civil Court, an administrator was appointed pursuant to section 778 of the Real Property Actions and Proceedings Law to "order the necessary materials, labor and services to remove or remedy the conditions specified in the judgment” (Cole v Westlong Investors Corp., 64 Misc 2d 933, 937).
New York City has an interest in this proceeding too, for in addition to protecting the tenants of multiple dwellings from conditions which endanger their lives, health or safety, article 7-A was enacted "to increase the supply of adequate, safe and standard dwelling units, a shortage of which constitutes a public emergency and is contrary to the public welfare” (Legislative findings and intent, L 1965, ch 909, § 1). The Housing and Development Administration of the City of New York (HDA) has submitted findings in support of the tenants’ motion on the ground that they regard the continued viability of the subject dwelling to be of great significance in terms of neighboring buildings and the immediate residential area. The HDA supported the appointment of James T. Harris as administrator and now asserts that continuation of management by Mr. Harris is preferable, in terms of the best interests of the building, to the appointment of the receiver.
In considering these various interests, the court makes the following findings and conclusions:
(1) The appointment of a receiver rests upon the general principle that it is necessary for the preservation of the subject property, as against the owner mortgagor, pending its final disposition in foreclosure (Gordon v Washington, 295 US 30, 37). Here, for all practical purposes, the plaintiff mortgagee and defendant owner are one and the same, as it is alleged and not denied by the plaintiff that he owns a controlling interest in defendant corporation. Thus, plaintiff’s need for a receiver is minimized to the extent that he requires no protection of his security interest as against the owner.
(2) As against the administrator, both plaintiff and defendant recorded their respective interests in the property subsequent to his appointment and subsequent to the notice of pendency of the article 7-A proceeding. Consequently, they were or should have been aware of the condition of the property and of the fact that its repair and restoration would take precedence over the payment of real estate taxes and *589 mortgage interest and amortization (Real Property Actions and Proceedings Law, § 778; Oyola v Combo Creditors, 64 Misc 2d 727, 729; Kahn v Riverside Syndicate, 59 Misc 2d 238, revd on other grounds 34 AD2d 515).
In addition, plaintiff and defendant obtained their interests even before the administrator had been appointed by the Civil Court and therefore had the opportunity under section 777 of the Real Property Actions and Proceedings Law to apply to the court to be permitted to remedy the dangerous conditions themselves. There are no allegations that they did so or that they thereafter petitioned the Civil Court for the administrator’s removal or for the defendant to resume the burdens of management or for the plaintiff to make the necessary repairs (see Oyola v Combo Creditors, supra, p 730).
(3) Instead, plaintiff sought to oust the administrator, and thus Civil Court jurisdiction over the premises, by the simple expedient of moving in the Supreme Court for the appointment of a receiver. Since an administrator and receiver obviously cannot coexist on the same property (Dime Sav. Bank of Williamsburgh v Jay Realty Co., NYLJ May 19, 1976, p 8, col 2), this court will not sustain the appointment of the receiver and thereby, in effect, nullify the article 7-A proceeding in Civil Court without justification. "[T]he relief afforded under an article 7-A proceeding is a grave remedy and not to be lightly imposed. However, once decreed because of the existence of conditions dangerous to life, health and safety of the occupants, the will of the Legislature to effect judicial policing of such depressed premises is not to be readily thwarted” (Pack v Loremady Realty Corp., 65 Misc 2d 801, 804).
This court does not find the recent case of Dime Sav. Bank of Williamsburgh (supra) to be inconsistent with this conclusion. Although the Supreme Court, New York County, denied the vacatur of the appointment of a receiver supplanting the article 7-A administrator, the differing, albeit scant, facts recited therein may have justified this conclusion. For one, the mortgagee bank was not also the owner of the property. Secondly, the court found a sufficient need to have a receiver operate the premises and thus concluded that the legal equities dictated that the receiver continue to perform his duties pursuant to the court’s appointment.
(4) Here, the tenants and the city have established to the satisfaction of the court that the administrator, during the several months since he was appointed, is remedying the *590 dangerous conditions which resulted in his appointment, and that he is making the building more habitable in accordance with the twofold objectives of article 7-A. Plaintiff, on the other hand, has not convinced this court that the appointed receiver will pursue the same aims or that the continuation of the administrator under an existing court order would be injurious to the plaintiff’s interests. The court notes that for as long as the dangerous conditions exist on the property, any rents becoming available should be dispersed as the Civil Court directed; the receiver would have no right to the funds for any other purpose (Kane Assoc. v Blumenson, 30 AD2d 127, 129, affd 23 NY2d 942).
In conclusion, under the circumstances described herein, equity mandates that the administrator appointed by the Civil Court continue in office at this time. The appointment of a receiver was therefore unnecessary (Dajon Realty Corp. v Ansonia House, 275 App Div 834, supra).
Accordingly, the motion to vacate the receivership is granted.