OPINION OF THE COURT
Arthur E. Blyn, J.
This is a motion by defendant Romax Properties Corp. (Romax) to vacate the ex parte appointments of a temporary receiver for the property located at 500 West 172nd Street and 506 West 172nd Street, New York, New York (collectively, the property), and for a stay of proceedings in the underlying actions.
On or about February 1,1983 Romax purchased the property, which consists of two apartment buildings, from the corporate plaintiffs. Plaintiffs took back mortgages on each of the buildings, with monthly installment payments to commence March 1, 1983. Romax made timely payments under the mortgages through November, 1983.
*269 On or about November 23, 1983 Romax was served with a “Restraining Notice to Garnishee” by the Environmental Control Board in an action entitled “Environmental Control Board v Freda and/or Elihi Romanoff”, which stated that a judgment in the amount of $13,338 against said Freda and/or Elihu Romanoff remained due and unpaid. The restraining notice purported to restrain the payment of “Mortgage Payments” owed by Romax to the Romanoffs.
Romax alleges (and it is not disputed by plaintiffs) that Freda and Elihu Romanoff are the sole shareholders of plaintiff corporations, and that at some time prior to February 1, 1983 the property was owned by them in their individual capacities. Romax further alleges that, during the time the Romanoffs owned the property, numerous violations and resulting fines had been issued by the Environmental Control Board against the buildings, which were not paid. These unpaid'fines led to the entry of the $13,338 judgment against the Romanoffs.
Romax contends that, upon receipt of the restraining notice, it concluded (with advice of counsel) that it was required to withhold the mortgage payments due to plaintiffs. Romax claims that in January, 1984 it notified plaintiffs’ principal, Freda Romanoff, of its intention to make the mortgage payments to the Environmental Control Board, and that Mrs. Romanoff raised no objection thereto.
A sum equivalent to the mortgage payments for December, 1983 through June, 1984 was, in fact, paid to the Environmental Control Board by Romax.
As might be expected, plaintiffs’ version of the facts differs from Romax’ on several points. In her affidavit Freda Romanoff states that, upon receiving a copy of the restraining notice from the Environmental Control Board, she sent written notice to Romax that such restraining notice was ineffective as against the corporate plaintiffs, and that the mortgage payments should continue to be made directly to plaintiffs. This position was allegedly repeated in a subsequent telephone conversation with a principal of Romax.
On or about February 13, 1984 plaintiffs sent notices of default to Romax by certified mail, return receipt requested, which purported to be the requisite notice pursuant to paragraph c of the rider to the mortgages. Paragraph c provides as follows: “That no action to foreclose or accelerate this mortgage shall be brought for any default hereunder unless the holder of this mortgage given to the then owner and/or junior lienor of the property, at the address last furnished to the holder of this *270 mortgage, five days written notice by registered or certified mail of such default, and unless such default shall not have been cured within said five day period.”
On June 4 and June 6, 1984, plaintiffs commenced separate actions to foreclose the mortgages on the buildings at 500 and 506 West 172nd Street. Upon commencement of the actions plaintiffs obtained ex part orders appointing a temporary receiver to collect rents for the property.
Romax now moves to vacate the ex parte appointment of the receiver, and for a stay of all proceedings in the foreclosure actions.
Romax argues that the ex parte appointment of a receiver was improper on several grounds under the facts and circumstances of this case. The court does not agree.
Under subdivision 10 of section 254 of the Real Property Law, where the parties to a mortgage agree that a receiver may be appointed in the event of default, such appointment may be without notice and without regard to the adequacy of any security.
Accordingly, sufficient basis existed for the ex parte appointment of a receiver for the property. Romax had defaulted under the mortgages and notices of default had been sent to Romax by certified mail in accordance with paragraph c of the mortgage riders. Whether Romax’ default was willful or the result of a “mistaken belief” was simply not relevant to the ex parte application for the appointment of a receiver. Also not relevant was the question of whether plaintiffs had knowledge of Romax’ “mistake”. As for the argument that the notices of default were technically deficient, the court finds it to be without merit. There is no requirement in paragraph c of the mortgage riders, as Romax claims, that the notices explicitly afford a five-day opportunity to cure.
An entirely separate issue, however, is whether or not the receiverships should be continued in light of the facts now before the court on this motion.
Initially, the court notes that it views ex parte orders which affect the rights of persons in their property, such as orders of receivership or attachment, with extreme caution. Fortunately, the law has seen fit to provide safeguards to ensure that such ex parte procedures are not abused. Pursuant to CPLR 6211 (subd [b]), ex parte attachment orders are subject to prompt confirmation hearings. While no equivalent statutory provision exists concerning the confirmation of an ex parte receivership order, it *271 is clear that the court has the equitable power, on this motion, to review the necessity for the continuation of the receivership. (Mancuso v Kambourelis, 72 AD2d 636; Home Tit. Ins. Co. v Scherman Holding Corp., 240 App Div 851; Ardeb Realty Corp. v East Estates, 12 Misc 2d 167; Blair v Donlon, 51 NYS2d 921.)
The conflicting papers submitted by the parties raise numerous issues of fact which can only be determined at the trial of the underlying action. It is manifest, however, that pending the outcome of those plenary actions there is no threat to plaintiffs’ security under the mortgages. Prior to the service of the Environmental Control Board’s restraining notice, Romax was current on all mortgage payments, and it appears that Romax has properly maintained the property at all times.
The grounds for the appointment of a temporary receiver are that “there is danger that the property will be removed from the state, or lost, materially injured or destroyed.” (CPLR 6401, subd [a].) The court finds that no such danger exists here. Accordingly, Romax’ motion will be granted to the extent that the receivership for the property is discontinued.
The balance of Romax’ motion is denied. There is no basis for a stay of proceedings in the foreclosure action. Indeed, the court believes that, under the circumstances, the interest of justice requires that the parties be required to complete discovery within 30 days of service of the order to be settled hereon. Upon the filing of a note of issue and statement of readiness, the calendar clerk shall be directed to place this motion on the appropriate waiting list for immediate trial.