■ MILTON KESTENBERG et al., Respondents, v PLATINUM PROPERTIES CORP. et al., Defendants, and GLENWOOD ESTATES ASSOCIATES; Appellant.—In an action to foreclose a mortgage, defendant Glenwood Estates Associates appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered August 27, 1984, which granted respondents' motion for the appointment of a receiver and denied appellant's cross motion for leave to interpose an answer.

Order affirmed, with costs to respondents Kestenberg and Park East Synagogue-Congregation.

The affidavits and exhibits submitted at Special Term establish that the principal of $567,000, plus accrued interest thereon on respondents' consolidated mortgages, was not paid when due and payable on September 30, 1982, and remained unpaid as of the date respondents' motion papers were drawn. The mortgage consolidation agreement provided, in pertinent part, that the mortgage holder, in any action to foreclose the mortgage, is entitled to the appointment of a receiver, and the mortgagor assigned to the mortgagee the rents, issues and profits of the mortgaged premises as further security for the payment of the debt.

Real Property Law § 254 (10) provides, *inter alia,* that a covenant in a mortgage " 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' *must be construed as meaning* that the mortgagee * * * shall be entitled * * * to the appointment of a receiver of the rents and profits of the premises covered by the mortgage", without notice and without regard to the security of the debt (emphasis supplied). We reject appellant's contentions that the efforts of respondents to negotiate an increase in the interest rate in return for declining to exercise their right to the appointment of a receiver constituted coercive and oppressive conduct so as to negate the statute, or to provide the basis for appellant withdrawing its waiver in foreclosure and interposing an answer containing an affirmative defense based upon said conduct (*Febbraro v Febbraro,* 70 AD2d 584; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6401.05; 2 Drussel and Foran, Mortgages and Mortgage Foreclosure in New York § 34:1 [rev ed]). Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.