■ CLINTON CAPITAL CORPORATION, Respondent, v ONE TIFFANY PLACE DEVELOPERS, INC., et al., Appellants, et al., Defendants.—In an action to foreclose a mortgage, the appeal is from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated November 9, 1984, as denied a motion to stay the actions of a receiver theretofore appointed, and to vacate his appointment.

Order affirmed, insofar as appealed from, with costs.

Since any lien upon the mortgaged premises held by the defendant City of New York would be affected by a judgment in the instant foreclosure action, said defendant was a proper party thereto and service upon the city was, therefore, sufficient to commence the action (*Wolf v 120 Middleton Realty Corp.,* 31 Misc 2d 668). Moreover, "[t]he owner of the equity of redemption need not be served before a receiver is appointed;

service upon another proper party also commences the action so as to permit the appointment of a receiver" (*Empire Sav. Bank v Towers Co.*, 54 AD2d 574, 574-575).

Finally, the mortgage in question specifically authorized the appointment of a receiver on application by the mortgagee in an action to foreclose the mortgage. Such a clause authorizes the appointment of a receiver without notice and without regard to the adequacy of the security (Real Property Law § 254 [10]; *Kestenberg v Platinum Props. Corp.*, 112 AD2d 268). While a court of equity, in its discretion and under appropriate circumstances, may deny such an application, on this record we find no reason to disturb the determination. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.