■ FIRST NATIONAL BANK OF GLENS FALLS, Appellant, v CARMELA M. CAPUTO et al., Defendants, and FORT EDWARD BOWL, INC., Respondent.—Levine, J.

In September 1983, plaintiff loaned defendant Fort Edward Bowl, Inc. (Fort Edward) $450,000 to be applied toward the cost of renovation of property in Washington County that Fort Edward was to lease from defendants Carmela and Elsie Caputo. The purpose of the renovation was to convert the property into a bowling alley. Fort Edward issued to plaintiff a promissory note in the amount of the loan. As additional security for the loan, the Caputos executed a mortgage to plaintiff, without recourse to them for any deficiency except for any rents and profits received by them from Fort Edward during its tenancy. The mortgage contained no clause providing for the appointment of a receiver in the event that a foreclosure action was brought, but did provide for assignment of all rents and profits upon a default, with the right of the mortgagee to enter upon the property to collect the same.

Following Fort Edward's default, plaintiff brought the instant action to foreclose the mortgage and moved for the appointment of a temporary receiver of all rents and profits from the mortgaged premises. Plaintiff appeals from Special Term's denial of that motion.

We affirm. The mortgage contained no provision authorizing the appointment of a receiver *(see,* Real Property Law § 254 [10]) and, therefore, the application was entirely governed by CPLR 6401. Concededly, plaintiff's motion papers do not set forth the factual showing required by the statute for the appointment of a receiver of "danger that the property will be removed from the state, or lost, materially injured or destroyed" (CPLR 6401 [a]). It is plaintiff's contention that, irrespective of the deficiency, the appointment should have

been made, as a matter of law, because it was consented to by the owners/mortgagors and not objected to by mechanics lienors who were made parties to the action. We disagree. First, Fort Edward, as a formal party to the action and as an affected tenant in possession, had the right to interpose an objection to the appointment of a receiver *(see, Genuth v First Div. Ave. Realty Corp.,* 88 Misc 2d 586). Moreover, the consent of a mortgagor to a receivership is in any event not conclusive. The case law is clear that appointment of a temporary receiver is only to be made with extreme caution in the exercise of a court's equity powers because of the drastic nature of the remedy *(Groh v Halloran,* 86 AD2d 30, 33; *Hahn v Garay,* 54 AD2d 629). Indeed, even when the mortgagor's consent has been embodied in the mortgage itself, it has been held that a court of equity nevertheless retains the discretion, in appropriate circumstances, to deny the application *(Mancuso v Kambourelis,* 72 AD2d 636, 637, *appeal dismissed* 48 NY2d 1027; *Home Tit. Ins. Co. v Scherman Holding Corp.,* 240 App Div 851). The record fails to demonstrate that Special Term abused such discretion in denying plaintiff's application here, in view of the total absence of any showing of need and the other remedies granted plaintiff under the terms of the mortgage. The case of *Beirne v Habel* (20 AD2d 891), relied upon by plaintiff, is not inconsistent with the foregoing in merely sustaining the exercise of discretion in favor of the appointment of a receiver on the basis of the apparent consent thereto by all parties in open court.

Order affirmed, with costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.