**FOXFIRE ENTERPRISES, INC.,**
**Plaintiff-Appellant,**

v.

**ENTERPRISE HOLDING CORPORATION, 366 Fourth Street Corporation, and The Attorney General of the State of New York, Defendants–Appellees.**

No. 503, Docket 87-7537.

United States Court of Appeals,
Second Circuit.

Argued Jan. 8, 1988.

Decided Jan. 27, 1988.

**598**

John Arneson, New York City, for plaintiff-appellant.

Samuel Weinbaum, Hempstead, N.Y. (Neidorff, Ribaudo & Weinbaum, Hempstead, N.Y., of counsel), for defendant-appellee Enterprise Holding Corp.

David J. Rosenblum, Brooklyn, N.Y., for defendant-appellee 366 Fourth Street Corp.

Before MESKILL, WINTER and ALTIMARI, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, Weinstein, *C.J.*, dismissing an action brought under 42 U.S.C. § 1983 (1982) by appellant Foxfire Enterprises, Inc. (Foxfire). Foxfire is the defendant in a mortgage foreclosure proceeding brought by appellee 366 Fourth Street Corporation (366) in a New York court. Foxfire's action challenges the constitutionality of Real Property Law (RPL) § 254.10 (McKinney 1968), the New York statute allowing *ex parte* appointment of a receiver to collect rents in a mortgage foreclosure action. 366 had obtained an order appointing a receiver under this section in its foreclosure proceeding.

Foxfire's contention that it was deprived of property without due process of law borders on the frivolous. RPL section 254.10 states that a mortgagee is entitled to *ex parte* appointment of a receiver in foreclosure proceedings. However, this "entitlement" is set against a backdrop of other protections afforded mortgagors in New York. Appointment of receivers is subject to Article 64 of the C.P.L.R., which requires application to a court. Moreover, New York courts have considerable equitable discretion in reviewing applications under RPL section 254.10. *See Clinton Capital Corp. v. One Tiffany Place Developers, Inc.*, 112 A.D.2d 911, 492 N.Y.S.2d 427, 428 (2d Dep't 1985); *Mancuso v. Kambourelis*, 72 A.D.2d 636, 421 N.Y.S.2d 130, 131 (3d Dep't 1979); *500 West 172nd St. Realty, Inc. v. Romax Properties Corp.*, 126 Misc.2d 268, 481 N.Y.S.2d 846, 849 (Sup.Ct.1984). Indeed, at least one New York court has alluded to these safeguards in rejecting precisely the constitutional challenge Foxfire raises here. *See Friedman v. Gerax Realty Assoc.*, 100 Misc.2d 820, 420 N.Y.S.2d 247, 248 (Sup.Ct.1979). Thus, RPL section 254.10 is clearly not unconstitutional on its face.

Foxfire's experience in the New York courts in its attempt to defeat or delay the foreclosure proceeding is weighty evidence that the action taken under section 254.10 has not denied it due process of law. Foxfire plainly had the opportunity to present its arguments to the state court. The *ex parte* appointment of a receiver here was promptly challenged in an adversarial proceeding and promptly decided, albeit adversely to Foxfire, by the Supreme Court. The total duration of the receivership in *ex parte* form was less than three weeks. Foxfire's lack of success on the merits hardly amounts to a failure to afford it due process.

We have considered Foxfire's other contentions and find them to be without merit.

The judgment of the district court is affirmed. The mandate shall issue forthwith.