Phoenix Grantor Trust v Exclusive Hospitality, LLC (2019 NY Slip Op 03636)





Phoenix Grantor Trust v Exclusive Hospitality, LLC


2019 NY Slip Op 03636


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-09073
 (Index No. 710949/15)

[*1]Phoenix Grantor Trust, appellant, 
v
Exclusive Hospitality, LLC, et al., respondents, et al., defendants.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Mark A. Slama of counsel), for appellant.
Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman and Debra L. Cordova of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 12, 2016. The order denied the plaintiff's motion for the appointment of a receiver for the subject real property.
ORDERED that the order is affirmed, with costs.
Following the commencement of this foreclosure action, the plaintiff moved for the appointment of a receiver to manage the subject real property and to operate the hotel located on the premises. The motion was opposed by the defendant mortgagor, which is a company that currently operates the hotel, and three defendant guarantors of the mortgage debt. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
Although the relevant mortgage consolidation agreement provides that the mortgagee may apply for the appointment of a receiver in the event of a default by the borrower (see Real Property Law § 254[10]), the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion given the substantial issues of fact that have been raised in this case, including those regarding the validity of the underlying note and whether a default has in fact occurred (cf. Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d 911, 912).
The plaintiff's alternative request for relief was not raised in the Supreme Court and, thus, is not properly before this Court (see Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 678).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court